PITZER v. DECKER.

(Court of Civil Appeals of Texas. Feb. 4, 1911.)

1. FRAUD (§ 47*)—FALSE REPRESENTATIONS—NOTE FRAUDULENTLY OBTAINED—TRANSFER—SOLVENCY OF MAKER.

Plaintiff alleged that he was fraudulently induced to execute a note to defendant in payment of the first premium of a life insurance policy, the consideration of which had failed, but that, defendant having transferred the same to an innocent purchaser before maturity, judgment had been recovered against plaintiff thereon in favor of such purchaser, which was in full force, whereupon plaintiff sought to recover the amount of such judgment as damages against defendant. Held, that the petition was not demurrable for failure to allege that plaintiff was solvent, both for the reason that solvency would be presumed, and also because the fact that plaintiff was insolvent, if true, would not negative damages, as a matter of law, by the recovery of a judgment against him.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 42; Dec. Dig. § 47.*]

---

2. PLEADING (§ 245*)—AMENDMENTS—DISCRE-
TION—STATUTES.

Sayles' Ann. Civ. St. 1897, art. 1188, for-
bidding amendments after announcement of
ready for trial, is directory only; and hence the
court, in the exercise of sound discretion, may
permit such an amendment, where it seems nec-
essary to attain the ends of justice.

[Ed. Note.—For other cases, see Pleading,
Cent. Dig. §§ 653–675; Dec. Dig. § 245.*]

3. PLEADING. (§ 245*)—AMENDMENTS—DISCRE-
TION.

The court did not abuse its discretion in
permitting an amendment, after announcement
of ready for trial, and after the taking of tes-
timony had begun, to meet a·variance in the
initials of the payee of a note which was the
basis of the action.

[Ed. Note.—For other cases, see Pleading,
Cent. Dig. §§ 653–675; Dec. Dig. § 245.*]

4. EVIDENCE (§ 357*)—LETTERS—AUTHORITY
OF WRITER.

Where letters offered in evidence were oth-
erwise admissible, it was no valid objection that
the writer stated that he had no authority ex-
cept in an advisory capacity.

[Ed. Note.—For other cases, see Evidence,
Dec. Dig. § 357.*]

Appeal from Taylor County Court; T. A.
Bledsoe, Judge.

Action by W. J. Decker against S. A. Pit-
zer. Judgment for plaintiff, and defendant
appeals. Affirmed.

Ben L. Cox, for appellant. King & Isaacs,
for appellee.

SPEER, J. W. J. Decker sued S. A. Pitzer,
and obtained a judgment, under the following
circumstances: Decker executed and delivered
to Pitzer a promissory note for $297.30 in
payment of the first premium for a certain
life insurance policy, which note was trans-
ferred by Pitzer to an innocent purchaser
before maturity. The plaintiff alleged that
said note was fraudulently obtained, that the
consideration had failed, but that the inno-
cent purchaser of the same had sued him,
and obtained judgment for the sum of $356.-
75, for which he prayed judgment against
Pitzer. The petition contained the further
allegation that said judgment is now in full
force and effect as an obligation and liabil-
ity of this plaintiff. The defendant inter-
posed a general demurrer and general denial,
and the principal question presented on this
appeal is the correctness of the court's rul-
ing in respect to the demurrer.

It is contended by appellant, Pitzer, that
the petition shows no cause of action, inas-
much as it fails affirmatively to allege the
solvency of the plaintiff or his intention to
pay the judgment. As against a general de-
murrer, all reasonable intendments are in-
dulged in favor of the sufficiency of the plead-
ing. Solvency, and not insolvency, will be
presumed; and, reading the petition in the
light of this presumption and the rule first
referred to, we have no doubt that it states
a cause of action. Besides, this action is
essentially one for damages, and at all events

it would be a question of fact whether the
plaintiff is damaged or not by the recovery
of a judgment against him. It could not be
said as matter of law, even though he were
insolvent, that he has not been damaged by
the recovery of a judgment against him.

It is next complained that the court erred
in permitting appellee to amend his petition
after announcement of ready for trial, and
after the taking of testimony had begun.
The amendment allowed was to meet a vari-
ance in the matter of the initials of the
payee in the note mentioned. It is too well
settled to require the citation of authority
that the statutes forbidding amendments aft-
er announcement of ready for trial (Sayles'
Ann. Civ. St. 1897, art. 1188) are directory,
and that the court may, in the exercise of
its sound discretion, permit an amendment
after an announcement of ready for trial by
the parties, where it seems necessary to at-
tain the ends of justice.

Neither is there any error in the court's
ruling on evidence complained of in the third
assignment. If the letters, the introduction
of which in evidence is complained of, were
otherwise admissible, it would be no valid
objection that the writer stated that he had
no power or authority except in an advisory
capacity. A court or jury would not be
bound by such statement. It might or it
might not be true.

We find no error in the judgment, and it
is affirmed.