WESTERN UNION TELEGRAPH COMPANY V. R. L. BOWEN & CO.

No. 7289.

1.   Cause of Action—Failure to Transmit Telegram.—Plaintiffs resided at Van Alstyne, Grayson County, Texas, and owned and operated a threshing machine. They employed an agent at Vernon, in Wilbarger County, Texas, to solicit business. The agent engaged threshing, and telegraphed by the line of the defendant company to his principals at Van Alstyne, addressed to A. J. McKinney, one of them, as follows:   "Have thirty thousand bushels for you if you can come at once.   Is followed. by letter."   This dispatch was received.   The plaintiffs immediately shipped their machinery for Vernon, and delivered to the agent of the defendant telegraph company for transmission and directed to their agent at Vernon the message:  "Will ship machinery at once.   Do they furnish fuel?   Answer.   [Signed]   Joe A. McKinney."   This message was not delivered.   Plaintiffs proceeded to Vernon and threshed such grain as they could procure.   Many with whom the agent had made engagements, not hearing of the acceptance of their offer, made other contracts for threshing.   These facts being alleged and proved, judgment for damages was rendered against the telegraph company.   On appeal, *held:*

1.   The implied condition that the parties should have an assurance of the acceptance of their offer was prevented by the failure of the telegraph company to deliver the dispatch conveying such acceptance.

2.   The grain growers expecting an immediate answer to their offer were released by the failure to accept, which failure was caused by the failure to transmit the message.

3.   The facts gave right of action against the telegraph company.

2.   Practice—Amendment after Announcement.—Suit for damages against a telegraph company for failure to deliver a message.   The dispatch was described in petition as having been sent by R. L. Bowen & Co.   Trial was had before the court without a jury.   The message was produced by the defendant on the trial, and was

offered by the plaintiffs. It was signed by "Joe A. McKinney," one of the plaintiffs. The defendant objected on account of variance. The court sustained the objection, and upon application of plaintiffs permitted them to amend their petition so as to describe the telegram correctly. The defendant excepted. No application for continuance was made by defendant. *Held,* the court did not err in its action.

3. Damages—Matters Contemplated in Contract.—The agent of the telegraph company receiving the dispatch which was not delivered knew that the senders were engaged in the business of threshing grain. To such agent the message sent and its answer would convey notice that they were negotiations concerning threshing grain, and loss of contracts pending would naturally be contemplated as relating to the correspondence.

APPEAL from Grayson. Tried below before Hon. H. O. HEAD.
No statement is necessary.

*Stemmons & Field,* for appellant.— 1. The court erred in refusing to sustain the general demurrer of defendant to plaintiffs' petition, because the petition shows upon its face that plaintiffs did not lose the contract to thresh the grain by reason of the failure to deliver the message; because, in answer to the telegram received, the plaintiffs immediately shipped the machinery to do the threshing, and went at once to comply with the contract made for them.

2. The court erred in refusing to sustain the general demurrer of defendant, because the petition showed that if plaintiffs had a cause of action it was against the parties who, in violation of their contract, permitted other parties to thresh the grain they had contracted with plaintiffs to thresh.

3. The damages claimed are uncertain and conjectural, and depend upon too many contingencies to meet that certainty required by law.

4. The court erred in allowing plaintiffs to amend their pleading herein after the trial had begun and part of the evidence was introduced.

5. The court erred in allowing plaintiffs any damage for loss of threshing, because such damages were not in contemplation at the time of making the contract as a result of the breach thereof.

No brief for appellee reached the Reporter.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by appellees against appellant to recover damages for the failure to deliver a telegraphic message.

The appellees were doing business at Van Alstyne, in Grayson County, and were the owners of a threshing machine. They requested one W. A. McKinney, who lived at Vernon, in Wilbarger County, to procure contracts for the threshing of grain in that county. McKinney, not being able to attend to the matter in person, procured one Jones to act for him. Jones having engaged with sundry persons the threshing of 22,000 bushels of oats at a toll of one-tenth, and 8000

bushels of wheat at a toll of one-twelfth, upon condition that appellees should move their machinery and do the work immediately, thereupon sent a telegram, signed W. A. McKinney, to J. A. McKinney, one of appellees, at Van Alstyne, a copy of which is as follows: "Have thirty thousand bushels for you if you can come at once. Is followed by letter." This dispatch having been received, appellees immediately shipped the machinery and delivered to appellant's agent at Van Alstyne for transmission the following message: "R. F. Jones, Vernon: Will ship machinery at once. Do they furnish fuel? Answer. [Signed] Joe A. McKinney." This message was not delivered to the party addressed. The appellees proceeded to Vernon and threshed such grain as they could procure, but many of the persons with whom engagements had been made by Jones, not having heard of the acceptance of their offer, had made contracts with others to thresh their grain, whereby appellees lost the opportunity to do their work. They threshed only 9000 bushels, leaving 21,000 bushels which they failed to secure by reason of the failure to deliver the message.

The case was tried by the court without a jury, and a judgment was rendered for appellees for $360.45.

It is first complained, that the general demurrer to the petition should have been sustained, "because the petition shows upon its face that plaintiffs did not lose the contract to thresh the grain by reason of the failure to deliver the message," it appearing that, "in answer to the telegram received, the plaintiffs immediately shipped the machinery to do the threshing, and went at once to comply with the contract made with them." But the ground of the action alleged is not that the plaintiffs were delayed in shipping the machinery or in repairing to Vernon to do the work, but that parties with whom engagements had been made upon the implied condition that they should have an assurance that the work should be done at once, had failed to receive notice of the acceptance of the condition by appellees, and had therefore made other engagements.

It is also insisted, that the petition is bad because it shows that if the plaintiffs had a cause of action against any one it was against the parties who failed to furnish the grain to be threshed, for the failure to comply with their contracts. According to the allegations of the petition, it appears that the parties who were to furnish grain to be threshed agreed to do so upon the condition that their offer was to be promptly accepted and the contract promptly complied with, and that they were released by reason of the failure to receive notice of the acceptance.

It is also claimed, that the petition was bad, because the damages claimed are uncertain and contingent. But from a legal standpoint the damages claimed were neither uncertain nor contingent. The petition shows, that the plaintiffs threshed about one third of the grain originally contracted for, and the expense and profit upon that trans-

action.   It is reasonably certain that they would have made a proportionate profit if they had secured the threshing of the entire amount. The amount of the work to be done, the expense of doing it, and the value of the toll to be received as agreed upon, being given, the profits that would have resulted are a mere matter of calculation and depend upon no uncertainty or contingency whatever.

The plaintiffs went to trial upon a petition in which the telegram alleged not to have been delivered was described as one signed by themselves.    The original was produced by the defendant on the trial, and was signed by "Joe A. McKinney."   The plaintiffs offered it in evidence, and defendant objected on the ground of the variance.    The court having sustained the objection, upon the application of the plaintiffs permitted them to amend their petition so as to describe the telegram correctly, and the defendant excepted.   We think the court did not err in its action.   The trial judge has a large discretion in regard to the conduct of a trial, and it should always be exercised so as to attain the ends of justice.   The plaintiffs were not even guilty of laches.   When the telegram was delivered for transmission it passed into the possession of defendant, and there remained until the day of the trial.   It was quite probable that they should make a mistake as to so unimportant a matter as the name which was signed to the message.   They clearly had the right when the telegram was produced to claim surprise and withdraw their announcement so as to amend.   Why then should they not have been permitted to announce ready a second time and proceed to trial?   And such being their right, why should they be required to go through the formality of withdrawing the case and reintroducing the evidence that had already been produced.   In either event the defendant would have been entitled to a continuance by showing that it was not prepared to meet the case made by the amendment.   No application for continuance was made.   The defendant, having the possession of the message, was not surprised, and no injury resulted to it from the action of the court.

It is further claimed, that the damages resulting from the loss of the contracts to thresh the grain were not in contemplation of the parties to the suit.   The agent of the defendant, by whom the first message was received and to whom the second was delivered for transmission, testified, that she knew at the time that the plaintiffs owned a threshing machine, and that one of them (McKinney) was engaged in operating it.   To a person possessed of this knowledge, it would seem obvious enough that the two telegrams, when taken together, related to negotiations for threshing grain, and that the second message was necessary to secure the contracts.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered April 29, 1892.