FIDELITY AND CASUALTY COMPANY OF NEW YORK
v. THOMAS CARTER.

Decided March 17, 1900.

1. **Amendment of Pleading—Time of Filing.**

The rules of practice and procedure in the district and county courts are fixed by statute and by the rules prescribed by the Supreme Court, and the judges of such courts have not the authority to arbitrarily fix a certain day in the term after which amendments of pleadings may not be made.

2. **Same—Amendment at Time of Trial.**

Since the provision of article 1188, Revised Statutes, requiring that amendments must precede the announcement of ready for trial by the parties is held to be directory only, and District Court Rule 16 provides that when an amendment is presented at such a time as to take the other party by surprise it shall be ground for continuance and charging costs, it was error for the court to strike out an amendment offered by defendant after the case was called for trial and plaintiff had announced ready, merely on the ground that it was filed too late.

3. **Accident Insurance Policy—Other Insurance—Warranty.**

Where an accident insurance policy provided that "the assured makes the following statements which he warrants to be true, and such statements are hereby made a part of this contract," followed by certain statements among which is one that, "if during the period of this policy I take other accident insurance, I hereby agree to report the same to this company," this latter stipulation was held not to constitute a warranty the breach of which would avoid the policy.

ERROR from the County Court of Grayson. Tried below before Hon. J. D. WOODS.

*Harris, Etheridge & Knight,* for plaintiff in error.

*Wolfe, Hare & Semple,* for defendant in error.

FINLEY, CHIEF JUSTICE.—This suit was brought by Thomas Carter in the District Court of Grayson County against the Fidelity and Casualty Company of New York, to recover upon an accident policy. The trial resulted in a verdict and judgment for the plaintiff, from which the insurance company has prosecuted writ of error.

1.   The case was called for trial on the evening of September 13, at 5 o'clock, the plaintiff announcing ready. The counsel for defendant, before announcing, caused the clerk to file an amended answer setting up an additional material ground of defense, and asked the court to enter leave to file the amended answer. The plaintiff's counsel objected, and moved the court to strike out the answer, because it was filed without leave of the court; that it came too late, and was filed for the purpose of forcing a continuance of the case.

Prior to the filing of the amendment and motion to strike it out, the jury had been discharged until the next morning, the case being upon the jury docket and a jury having been regularly demanded. The court sustained the motion to strike out upon the simple presentation of the motion, and thereafter refused defendant's application to continue.

The court stated in qualification of the bill of exceptions reserved to its action, that the rules of that court require that all exceptions to and amendments to pleadings must be filed not later than Saturday preceding the week the cause is set for trial; that this cause was, on September 4th, set down for September 13th, and notice of such setting given to defendant, and to have allowed the amendment would have forced a continuance.

Our statute authorizes amendment of pleadings during the term before announcement by the parties of ready for trial. Rev. Stats., art. 1198. It has been frequently decided that the statute is directory as to its requirement that the amendment must precede the announcement by the parties of ready for trial, and that the court may in its discretion allow amendments after such announcement. In Boren v. Billington, 82 Texas, 138, it is held that the statute is mandatory upon the trial court to allow the amendment when seasonably asked, and that its refusal is reversible error. Rule 16 provides that when the amendment "is of such character and is presented at such a time as to take the opposite party by surprise, to be judged of by the court, it shall be cause for imposing the cost of the term upon and charging the continuance of the cause, both or either, to the party causing the surprise, if the other party demand it and shall make a satisfactory showing, or if it otherwise be apparent that he is not ready for trial on account of said amendment being allowed to be filed by the court." In Greeley-Burnham Grocer Company v. Carter, 30 Southwestern Reporter, 487, we reversed the judgment of the trial court for refusing to allow amendment after the evidence had been gone into by the plaintiff. In Telegraph Company v. Bowen, 84 Texas, 479, the Supreme Court held that the trial court did right in allowing the plaintiff to amend his pleadings after the announcement of ready, and after the evidence had been partially heard. The

rules of practice and procedure in the district and county courts are fixed by statute and rules prescribed by the Supreme Court under the statutes, and we know of no authority for the judges of such courts to arbitrarily fix a certain day in the term after which amendments to pleadings may not be made. In the case of Hopkins v. Seay, 27 Southwestern Reporter, 899, we discussed and laid down the principles which should govern under circumstances similar to those here presented, and reversed the judgment because of the denial of the right to amend the pleadings. We are cited to no decision of the Supreme Court, and know of none, which has sustained the refusal of a trial judge to allow the amendment of pleadings under such circumstances as are here presented, and we hold this action to be reversible error.

2. It is contended that the court should have directed a verdict for defendant, because it was shown that the plaintiff assigned the policy before institution of the suit. It is held, where the policy has been assigned by the assured, that under our statute the legal title passes to such assignee, and he must sue thereon. If the assured retains an equitable interest in the policy, he may join as plaintiff, but can not prosecute the suit alone. Insurance Company v. Coffee, 61 Texas, 289. This feature of the case is not fully developed by the evidence. The plaintiff was in possession of the policy, and no assignment was written upon the policy itself. The plaintiff testified that he transferred the policy to Dr. Booth as security for the debt. This transfer is not otherwise shown.

As the judgment must be reversed upon the ground already stated, we need not determine whether, under the record presented, the action of the court in this particular was reversible error. The law upon this question is plainly stated in the case cited, and the trial court may be properly guided thereby upon another trial.

3. While the plaintiff was upon the stand as a witness, the defendant sought to prove by him that subsequent to the issuance of the policy sued upon, he took out another policy of accident insurance for $2000 in the Aetna Insurance Company; that this policy was in force at the time of the accident here involved; that the Aetna Company had settled with him; that he made proof of loss to that company, and that he gave no notice to defendant company of this additional insurance.

This evidence was excluded upon the grounds urged that it was immaterial, irrelevant, hearsay, not the best evidence, and was the conclusion of the witness. The objections that the evidence was secondary, hearsay, and the conclusion of the witness were not well taken. Whether it was material and relevant involves a more serious inquiry. One of the defenses set up was a forfeiture of the policy by the subsequent taking out of this additional insurance without giving notice to the defendant company. It is charged that this was a breach of warranty which rendered the policy void under its terms and provisions. The policy is not set out in full in the record. In the statement of facts it is recited: "Plaintiff introduced in evidence the policy of insurance sued upon, and

same corresponded to the allegations of plaintiff's first amended original petition filed herein on September 9, 1899, with reference thereto, and the stipulations therein, among other things not necessary now to be set forth, are as follows: 'The assured, on the acceptance of this policy, makes the following statements which he warrants to be true, and such statements are hereby made a part of this contract.' And further, as follows: 'If during the period of this policy, I take other accident insurance, I hereby agree to report the same to this company.' "

The other provisions and stipulations of said policy are not now material to be set forth, except that the same further provides that "this insurance does not cover voluntary exposure to unnecessary danger."

The petition does not purport to set out the policy. That portion of the petition which sets out the contract of insurance is as follows: "That heretofore, to wit, on the 4th day of August, 1898, for a valuable consideration, to wit, the sum of $30 paid defendant in cash by plaintiff, defendant insured plaintiff by its contract in writing, duly executed and delivered by its proper officers who were thereunder duly authorized, for a period beginning at noon on the 4th day of August, 1898, and ending at noon on the 4th day of August, 1899, against bodily injuries sustained through external violent and accidental means, in which said contract of insurance defendant agreed to pay plaintiff the sum of $1000 for the loss by actual separation at or above the wrist or ankle of one hand or of one foot, resulting within ninety days from the accident causing such injury.

"By its said contract in writing so executed as aforesaid, defendant became liable and bound and did agree to pay plaintiff the said sum of $1000, with legal interest on his loss through external violent and accidental means of one hand or of one foot by actual separation at or above the wrist or ankle, provided such result should occur within ninety days from the date of the accident."

This constitutes all the light afforded by the record as to the terms of the contract. Under these terms, the obligation not to take out additional insurance in other companies without notice to appellant should not be held a warranty, imposing forfeiture upon its breach. This defense was plead only as a breach of warranty, and not as a failure to comply with the contract in a matter material to the loss. Phoenix Co. v. Munger, 92 Texas, 297.

Under this view, the exclusion of the evidence was not reversible error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*