EL PASO & NORTHEASTERN RAILWAY COMPANY ET AL. v. L. E. LUMBLEY.

Decided June 16, 1909.

**1.—Carrier of Livestock—Escape of Animals—Contributory Negligence—Intoxication.**

In a suit against a railroad company for the value of horses which escaped from the defendant's stock pens, it appeared that the plaintiff had charge of unloading the horses from the cars into the stock pens; that the unloading occurred at night, and the horses escaped through an open gate in the pens. Held, the trial court properly sustained objection, on the ground of irrelevancy, to testimony tending to show that the plaintiff was intoxicated at the time the horses were unloaded.

**2.—Shipment of Livestock—Loss—Measure of Damage.**

When a carrier receives livestock for transportation to a point beyond its own line, and the stock are damaged or lost in transit through the negligence of the carrier, the value of the stock at destination should be the basis of the measure of damage.

Appeal from the District Court of El Paso County. Tried below before Hon. J. M. Goggin.

*Hawkins & Franklin,* for appellants.—The undisputed evidence shows that the animals in question were unloaded at Alamogordo by the appellee, and that some of them escaped while so being unloaded by the appellee, and the fact that appellee was intoxicated at the time he undertook to unload said animals was admissible in evidence as tending to show that the loss of said animals was due to the inde-

EL PASO & N. E. RY. CO. v. LUMBLEY. 419

pendent negligence of appellee. Houston & T. C. Ry. v. Waller, 56 Texas, 339; Hoover v. Texas & P. Ry., 61 Texas, 503.

*Brown & Terry* and *Robt. T. Neill,* for appellee.

JAMES, CHIEF JUSTICE.—Lumbley sues for damages to a shipment of horses. The verdict and judgment were against the defendants, the El Paso & Northeastern Railway Company and El Paso & Northeastern Railroad Company, jointly for $500, from which they appeal.

The first assignment of error is as follows: "The trial court erred in not permitting the defendants to show by the witness Barton that the plaintiff, L. E. Lumbley, after he had taken charge of the unloading of the animals, mentioned in the pleadings, at Alamogordo, and 'while unloading the same, was intoxicated, for the reason that the said evidence would tend to throw light upon the question as to whether or not the escape of the said animals was the result of the independent negligence of the plaintiff and was not caused by the negligence of the defendants, or either of them, or any of their servants, agents or employes. Said evidence was also material as tending to affect the weight to be given to the testimony of the plaintiff Lumbley, as shown by defendants' bill of exception No. 1."

The propositions are, first: That the undisputed evidence shows that the animals were unloaded at Alamogordo by Lumbley and that some of them escaped while being so unloaded, and the fact that he was intoxicated at the time he undertook to unload the animals was admissible as tending to show that the said loss was due to his independent negligence; and, second, that Lumbley testified by deposition as to the facts at Alamogordo upon this trip, and the fact that he was intoxicated was material as affecting the weight to be given his testimony.

It appears from the bill of exception that the witness Barton (who was the night station agent at Alamogordo) went to the stock pens to unload the horses from the cars into the stock pens, and while he was assisting plaintiff in unloading same had to leave and go to attend to an incoming passenger train, and told plaintiff to attend to the stock and unload them while he was gone; that he came back to the pens about thirty or forty minutes afterwards and found plaintiff had gone; that all the horses except nine were out of the pen and that one of the gates of the pen was open. He was then asked the question by counsel for defendant as to the condition of Lumbley at the time, and before plaintiff had time to object he answered: "He seemed to be intoxicated." An objection to the question and answer, upon the ground of irrelevancy and immateriality, was sustained. Evidently the jury heard the answer and it does not appear that the court went so far as to direct the jury not to consider the answer. Appellant's position, therefore, would seem to have given them the benefit of the testimony before the jury, and at the same time the benefit of a bill of exceptions for its rejection. However, we do not consider it necessary to decide whether or not appellants, under the circumstances, may insist on the bill.

The evidence was sought to be introduced for the purpose of showing negligence of the plaintiff in allowing the animals to escape. The cause of their escape appears to have been the open gate. The unloading occurred at night. It was the duty of the railway company to use care in providing plaintiff a safe pen, and plaintiff had the right to rely on the pen being sufficient and it was not his duty to inspect the premises. The theory of appellants is that but for his being intoxicated he would have noticed the gates and therefore his intoxication caused or contributed to the escape of the animals. It seems to us that if the court had admitted the testimony and the jury had found that but for plaintiff's intoxication the gate would not have remained open, they would have been finding the fact from mere conjecture.

As to the second proposition: Defendant does not appear to have sought, or would have received from the witness any more definite answer than the bill shows, viz.: That Lumbley appeared to be intoxicated. The extent of the intoxication would not have appeared from this, and the jury would not properly have been allowed to discredit his testimony, or his recollection of the facts, by such vague testimony. Besides, plaintiff's intoxication would not have affected his memory except as to what occurred at the time and place, and his testimony as to what then occurred was not substantially different from what Barton testified to. The assignment is overruled.

The second assignment complains of refusal of a peremptory charge for the defendants. The proposition is: "The measure of damages in this case, in view of the fact that the animals were shipped under a contract by which appellants agreed to transport the same to El Paso, Texas, under a written contract limiting their liability to their own lines, was the difference between the market value of the animals when they arrived at El Paso, Texas, in the condition in which they were, and their market value at said point had they arrived there in good condition, and the court therefore erred" in refusing the charge. There seems to have been no evidence as to values at El Paso. The court's charge submitted the damages according to values at Vicksburg, Miss. It appeared from evidence that the destination of the shipment was Vicksburg, and that this was known to appellants. It would therefore have been error to give the peremptory instruction. Gulf, C. & S. F. Ry. v. Cunningham, 51 Texas Civ. App., 368.

The third assignment complains of the charge which the court gave on the measure of damages, fixing the point at which the values were to be taken at Vicksburg, the contention being that the animals were delivered for shipment under a written contract to El Paso, and there was no evidence that appellants at the time they received same had any knowledge of their final destination, except the testimony of Latham, that either before or after the animals were loaded he gave appellants a certificate that thirty-two horses were destined for "Miss." We find that there was evidence that the horses were contracted to be shipped with knowledge of the fact on the part of defendant. This leads to the overruling of the fourth assignment also.

The fifth alleges that the court erred in instructing the jury, in effect, that if they found for plaintiff they would allow him the reasonable market value at Vicksburg of the horses that escaped and were lost at Alamogordo, for the reason that the plaintiff was permitted to substitute other horses (four were lost and three were replaced) in the place of those that were so lost of the same class and value, and the measure of damages as to the horses lost would be their reasonable market value at Alamogordo, and not at Vicksburg. We are unable to see how the fact that plaintiff was allowed to put in three or four animals to fill out his shipment makes any difference in the measure of plaintiff's damages for those that were lost. Judgment affirmed.

*Affirmed.*

Writ of error refused.