## FERRELL v. CITY OF HASKELL.

(Court of Civil Appeals of Texas. Feb. 4, 1911.)

1. PLEADING (§ 433*)—SUFFICIENCY AFTER VERDICT—PRESUMPTIONS.

Where the petition was not demurred to, the court after verdict must indulge in its favor all reasonable intendments.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1451–1477; Dec. Dig. § 433.*]

2. PLEADING (§ 237*)—AMENDMENTS—TO CONFORM TO PROOF.

Where the petition, in an action for depreciation in the value of plaintiff's land by the use by a city of adjacent land for a dumping ground, alleged that the dumping ground adjoined plaintiff's land, used as a place of residence until on or about the ——— day of February, 1908, when he sold the land, that previously, on or about the ——— day of February, 1908, defendant acquired control of the adjacent land, and plaintiff, without objection, testified that he occupied the premises until March, 1909, when he sold the land, the refusal to allow an amendment of the petition, so as to state the correct date of the sale of the land, was erroneous, because the variance in the date

of the sale alleged and testified to was not misleading.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 603–619; Dec. Dig. § 237.*]

3. TRIAL (§ 169*) — MOTION FOR DIRECTED VERDICT—DEMURRER.

A motion after plaintiff's evidence for a directed verdict, in an action for depreciation in value of plaintiff's land by the use by a city of adjacent land for a dumping ground, on the ground that the petition alleged that no time intervened between the city's acquisition and use of the land and the sale by plaintiff of his land, was but a demurrer to the petition, so that, if it had been presented and ruled on at the proper time, plaintiff could have amended so as to show that he sold his land more than a year after the acquisition and use by the city of its land.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 381; Dec. Dig. § 169.*]

Appeal from District Court, Haskell County; C. C. Higgins, Judge.

Action by J. S. Ferrell against the City of Haskell. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Nelson & Pool and Helton & Murchison, for appellant. Clyde F. Elkins and H. G. McConnell, for appellee.

CONNER, C. J. This suit was instituted by appellant for the recovery of damages in depreciation in value of the plaintiff's land, and for discomfort to his family because of the purchase and use by the city of an adjacent tract as a dumping ground.

After the introduction of the plaintiff's testimony, the city attorney presented the following motion: "Now comes the defendant, the city of Haskell, and moves the court to direct a verdict in this case for defendant for the following reasons, to wit: First, the pleadings will not support a judgment for plaintiff in any sum, because it is therein alleged that the plaintiff sold his land on the ——— day of February, 1908, and it is also alleged that defendant acquired its land for a dumping ground on the same date, to wit, the ——— day of February, 1908, and therefore no damage could possibly have been caused to plaintiff, as alleged, between the time of the purchase of the city's dumping ground by defendant and the time when plaintiff sold his land; there being no time intervening."

At the time of the hearing of this motion, as shown by the bill of exceptions, appellant insisted that the allegation that he had sold his land "on the ——— day of February, 1908," was a clerical mistake; that the sale of his land occurred in fact in March, 1909, as he testified upon the trial, and he prayed leave of the court to so amend his pleading. This, however, was denied, the motion sustained, and the jury peremptorily instructed to return a verdict in the city's favor, which was done, and judgment entered accordingly.

Plaintiff, among other things, alleged that the tract of land described as the dumping

ground "adjoined the defendant's tract of land, hereinafter mentioned, plaintiff's said land being, at all times since he became the owner of the same, used and occupied by himself and family as a homestead and place of residence until on or about the ——— day of February, 1908, when plaintiff sold said land. That heretofore, to wit, on about the ——— day of February, 1908, defendant became the owner and acquired control of about 100 acres of land which, as aforesaid, adjoined the plaintiff's land," and upon which it was further alleged the acts complained of had been committed. There was no demurrer to the petition, and it is not questioned that it is otherwise fully sufficient to authorize a recovery in appellant's favor. The plaintiff upon the trial had been permitted to testify without objection fully to the material allegations of his petition, including the fact of the deposit by the city of large quantities of effete material, producing noxious odors and resulting in great discomfort and depreciation in the value of his land, stating that he had occupied the premises owned by him and described in the petition from the time of its purchase in the latter part of 1907 until in March, 1909, and we think the court was in error in the rulings made. It is true that Rev. St. 1895, art. 1188, among other things, provides that "all amendments to pleadings, pleas, and pleas of intervention must, when court is in session, be filed under leave of the court, upon such terms as the court may prescribe before the parties announce ready for trial, and not thereafter." The limitation, however, of the right of amendment thus indicated is very generally held by our courts to be directory. See Fidelity Casualty Co. of N. Y. v. Carter, 23 Tex. Civ. App. 359, 57 S. W. 315, and cases therein cited.

Treating the plaintiff's petition as a whole and indulging in its favor all reasonable intendments, as should be done, in the absence of demurrer and after verdict, it seems reasonably certain that the plaintiff, in addition to the allegations quoted, charged the commission of the acts complained of as having occurred during the time he owned and occupied the premises; and hence was in conflict with the construction appellee places upon the averment, that the plaintiff sold his land upon the same day that appellee purchased the dumping ground. We think, therefore, that the court should have adopted the construction most favorable to the pleader, or at least have permitted the amendment sought by appellant; the variance in the date of the sale as alleged and as testified to by appellant not being, as we think, calculated to mislead or surprise the defendant, as we are, perhaps, authorized to infer from the fact that no suggestion of that kind was made. Moreover, the motion in its substance amounted to no more than a de-

murrer to the petition which, had it been presented and ruled upon at the proper time, would have left appellant's right to amend quite clear.

It is ordered that, for the errors discussed, the judgment be reversed, and the cause remanded.