KIMBRELL v. CHASE. (No. 7209.)

(Court of Civil Appeals of Texas. Dallas. Nov. 7, 1914.)

PLEADING (§ 279*)—AMENDMENT—TIME—ANNOUNCEMENT OF READY FOR TRIAL.

Where a wife as community survivor sued for breach of contract for sale of land to her husband and the answer set up a written cancellation of the contract and a forfeiture by reason of nonpayment, leave granted to plaintiff over two months from answer and after announcement of ready for trial to file a supplemental petition, consisting of a plea non est factum, is an abuse of discretion, though Rev. St. 1911, art. 1824, requiring all pleadings to be filed before announcement of ready for trial, is not mandatory.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 836–841; Dec. Dig. § 279.*]

Appeal from Kaufman County Court; James A. Cooley, Judge.

Action by Mrs. G. L. Chase against Frank Kimbrell. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Woods & Morrow, of Kaufman, for appellant. Ross Huffmaster, of Kaufman, for appellee.

RAINEY, C. J. Mrs. Chase, as community survivor of her deceased husband, George L. Chase, brought this suit to recover damages for a breach of a contract for the sale of land made by Frank Kimbrell with her deceased husband. Kimbrell, among other things, pleaded a written agreement between himself and George L. Chase, canceling the contract for the sale of the land, by the terms of which Chase was to pay the balance of the first payment, $150, on or before

the 8th day of March, and if not paid at that time Chase was to vacate the land and surrender any claim to the $100 deposited by him as a forfeit, and the said Kimbrell was to be the owner thereof; that said Chase had failed to pay said $150 on said date, and the $100 theretofore paid had become forfeited. A trial resulted in a verdict and judgment in favor of appellee for $225, from which this appeal· is taken by the appellant Kimbrell.

When the case was called for trial plaintiff made a verbal motion for a continuance, which was overruled. The court then called upon defendant for an announcement, and the defendant announced ready, whereupon the plaintiff asked leave of the court to file his first supplemental petition, consisting of a plea of non est factum, and setting up the incapacity, physically and mentally, of her husband to make a contract, which was granted by the court, and to which action the defendant excepted, and here assigns such action as error.

The contention is that article 1824, R. S. 1911, requires all pleadings to be filed before announcement of ready for trial, and not thereafter, and that said statute is mandatory, and that the filing of said plea was in violation of law and not permissible. In construing this article our courts have not treated it as mandatory, but as giving to the trial judge a large discretion in the conduct of a trial, but this discretion should always be exercised so as to attain the ends of justice. Telegraph Co. v. Bowen, 84 Tex. 476, 19 S. W. 554; Fidelity & Casualty Co. v. Carter, 23 Tex. Civ. App. 359, 57 S. W. 315.

In the case of Telegraph Co. v. Bowen, supra, a ruling permitting the plaintiff to file an amendment after trial had begun was made, but in that case the plaintiff was held not guilty of laches in not filing it sooner. We cannot say as much in this case for plaintiff. On November 17th, Kimbrell filed his answer setting up a written agreement between him and plaintiff's husband canceling said contract for the sale of land and plaintiff's amendment pleading non est factum was filed January 30th following. Under these circumstances we think the amendment came too late. It is true if the defendant had asked for it, he would have been entitled to a continuance on such terms as the court might impose as to costs, etc., but not having done so, and appellant not having made a legal showing for a continuance in the first instance, she should not have been permitted to file the amendment and place upon defendant the necessity of applying for a continuance. In any event, in view of this action of the court, we think the court erred in not granting defendant a new trial on the ground of newly discovered evidence, which tended strongly to show that Chase was of sound mind when he made the contract of cancellation.

The court also erred in failing to grant a new trial because of the insufficiency of the evidence to warrant a recovery for the amount of damages assessed. If under the evidence it could be said that Mrs. Chase was entitled to damages, the evidence fails to show that she was entitled to the amount recovered.

The judgment is reversed, and cause remanded.