**HART–PARR CO. v. ALVIN–JAPANESE NURSERY CO. et al. (No. 478.)**

(Court of Civil Appeals of Texas. El Paso. Oct. 28, 1915.)

1. APPEAL AND ERROR &#9750;101 — ORDERS APPEALABLE—APPOINTMENT OF RECEIVER.

Where a receiver was appointed, and subsequently on an amended petition the order of appointment was vacated, but was followed by a later order in the same decree reappointing the receiver, an appeal from the order of appointment lies under the express provisions of Vernon's Sayles' Ann. Civ. St. 1914, art. 2079.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 575–589; Dec. Dig. &#9750;101.]

2. APPEAL AND ERROR &#9750;1052—RECEPTION OF EVIDENCE—CURE OF ERROR.

In a proceeding for the appointment of a receiver, the admission of secondary evidence as to the contents of the books of defendant was cured by the production of the books in court although the entries therein were not read.

[Ed. Note.—For other cases, see Appeal and Error, Cent.Dig. §§ 4171–4177; Dec.Dig. &#9750;1052.]

3. PLEADING &#9750;245 — AMENDMENTS — CONDITION OF CAUSE.

In proceedings for the appointment of a receiver, it was not error to permit the plaintiffs to file a trial amendment after the evidence was closed and argument had begun, and to consider such amendment as a basis for the appointment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 635, 653–675; Dec. Dig. &#9750;245.]

4. CORPORATIONS &#9750;557 — RECEIVERS — APPOINTMENT—GROUNDS.

Where a petition for the appointment of a receiver alleged that defendant was indebted to plaintiffs for goods, wares, and merchandise; that defendant's assets were greater than its liabilities, and if permitted to operate, defendant would be able to pay all its obligations in full; that practically all the creditors were willing that the business continue; that one creditor was threatening to levy an attachment, which, if levied, would be followed by others,

with the result that the defendant's assets would be dissipated; that if such assets were thrown upon the market at the present time they would not bring a sum sufficient to pay the obligations; that in order to conserve such assets, the appointment of a receiver was necessary, when supported by proof, stated grounds for the appointment of a receiver, under Vernon's Sayles' Ann. Civ. St. 1914, art. 2128, providing that receivers may be appointed, where the corporation is in imminent danger of insolvency.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2227, 2228, 2230–2236; Dec. Dig. &#9750;557.]

5. CORPORATIONS &#9750;553 — APPOINTMENT OF RECEIVER—COLLUSION.

In proceedings for the appointment of a receiver for a corporation, where it appeared that the managers of the corporation, realizing that its assets were such, when compared with its liabilities, that if the creditors were to foreclose and collect their debts by public sale, insolvency would result, and that they apprised the creditors of such fact, such action was not sufficient to constitute collusion for the purpose of covering up the debts of the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2201–2216; Dec. Dig. &#9750;553.]

6. CORPORATIONS &#9750;557 — APPOINTMENT OF RECEIVER — APPOINTMENT IN FRAUD OF CREDITORS.

In a proceeding for the appointment of a receiver for a corporation, in danger of becoming insolvent, allegations that the assets would be conserved by the appointment of a receiver, that all its debts would be paid and something would be left over; that it would be a great benefit to the community to allow defendant to continue its business—were not sufficient to show that the creditors were attempting to delay the collection of debts of others.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2227, 2228, 2230–2236; Dec. Dig. &#9750;557.]

Appeal from District Court, Harris County; J. W. Woods, Special Judge.

Suit by the Hart-Parr Company against the Alvin-Japanese Nursery Company and others. From an interlocutory order appointing a receiver, plaintiff appeals. Affirmed.

Love, Channell & Fouts, of Houston, for appellant. Sam, Bradley & Fogle, of Houston, for appellees.

HARPER, C. J. [1] This appeal is from an interlocutory order, appointing a receiver of the property and assets of the Alvin-Japanese Nursery Company. Appellee filed motion to dismiss the appeal because it is from an order overruling the motion of appellant to vacate the order appointing, instead of an appeal from an order appointing a receiver. The facts are that upon petition, on September 9, 1914, the court appointed one Brown receiver. Upon the 5th day of December, 1914, the court, after amended petition, entered an order vacating the said order of appointment, but followed this latter order in the same decree with the following:

"But the court is of the opinion, further, that the amended pleadings are sufficient to authorize and support the appointment of a receiver. * * * It is therefore ordered, adjudged, and decreed that the said S. B. Brown is here now reappointed receiver."

And this is an appeal from this order of appointment, and such is permitted under the statute, article 2079, Vernon's Sayles' Stat.; Rubber Co. v. Wilson, 137 S. W. 710.

[2] The first assignment is that it was error to allow one Jones as a witness to testify as to what he found the books of the defendant company to contain with reference to indebtedness due by it and other matters, because it was secondary evidence. The bill of exceptions is qualified by the trial court: "The books were afterwards produced in court and offered in evidence, but the entries they contained were not read." If error, this would cure it. Besides, there is no attempt to show that the court before whom the hearing was had considered the evidence complained of in arriving at his conclusions. There is no question as to the extent of the liabilities of the defendant.

[3] The second is that it was error to permit plaintiffs to file a trial amendment after the evidence was closed and argument of counsel had begun, and to consider such amended pleadings as a basis for the appointment of the receiver. Pleadings may be amended after argument has begun. Telegraph Co. v. Bowen, 84 Tex. 477, 19 S. W. 554. The provisions of article 1824, R. S., forbidding amendments after announcing ready for trial, is directory only. Pitzer v. Decker, 135 S. W. 161. The facts here do not show that the court abused his discretion; therefore there was no error in permitting the amendment to be filed, nor in considering it as a basis for the appointment.

[4] The third and fourth urge that the order of the court overruling appellant's motion to vacate the original appointment and that portion reappointing the receiver are not authorized by the pleadings and evidence. The original plaintiffs, viz., W. T. Stevens, Northrup & Clark Saddlery Company, Richards & Schulte Company, the Texas Company, H. F. Montgomery, South Texas Implement & Vehicle Company, Citizens' State Bank of Alvin, Tex., S. J. Daugherty, and K. Kishi, allege by their second amended original petition, also called the trial amendment, that the defendant Alvin-Japanese Nursery Company is a corporation; that it is engaged in the business of propagating, buying, and selling nursery stock, planting oranges and other crops, etc.; that it has liabilities aside from its capital stock amounting to about $111,000; that it is indebted to plaintiffs in the various sums set out, total about $39,100; further alleging that the amounts were for goods, wares, and merchandise, etc., furnished the defendant company or evidenced by notes, etc. Further alleged that the assets of the defendant company are much greater than its liabilities, and, if permitted to operate, will be able to pay all of its obligations in full, naming the assets and their probable value; that practically all of the creditors are willing that the business continue that the assets of the company may

be realized on without sacrifice; that one creditor to the extent of about $3,000 is threatening to levy an attachment; that if such attachment be levied, other creditors, in an effort to protect their interests, will likewise levy; that the effect thereof would be to dissipate the said assets, render its business and good will worthless, etc.; that the defendant has not now money with which to pay its obligations now due, and cannot realize the money therefor except in the due course of business of said company; that if it is permitted to continue its business, it can pay, but if the assets are thrown upon the market at the present time, they would not bring a sufficient sum to pay the obligations, etc.; that in order to conserve the assets of said company and to protect the rights of the creditors' petition herein, it is necessary that a receiver be appointed, etc. Article 2128, Sayles' Stat. 1914, provides that receivers may be appointed: (1) In an action by a creditor to subject any property or fund to his claim; (2) where it is shown that the property is in danger of being lost, removed, or materially injured; (3) in cases where a corporation is in imminent danger of insolvency. The petition is sufficient to authorize the court to appoint the receiver as it did, and there is evidence to support the allegations in the petition. The appointment, therefore, cannot be disturbed. Ripy v. Red W. L. Co., 48 Tex. Civ. App. 311, 106 S. W. 474. It is clear from the allegations and proof that the defendant corporation is in imminent danger of insolvency.

[5, 6] Appellee, by propositions, urges that a receiver will not be appointed for a corporation: (a) Upon its own application; (b) nor at the instance of creditors acting in collusion with the corporation for the purpose of covering up its assets or delaying the collection of other debts; (c) that it is evident from the facts proved that the request for a receiver was made for the purpose of assisting the defendant corporation to pay its debts and have sufficient capital left to continue business upon a profitable basis; that therefore the court was not authorized to make the appointment. The pleading and proof do not support the propositions. This suit was not filed by the corporation, and the facts show no more than that the managers of the corporation, realizing that its assets were such, compared with its liabilities, that if the creditors were to foreclose and collect their debts by forced public sale, it would result in insolvency, frankly told the creditors the facts as they existed. This is not sufficient to constitute collusion for the purpose of covering up the debts of the corporation. There is an allegation in the petition that by means of a receivership the assets of the defendant may be conserved to the payment of all its debts and leave something with which the corporation could continue its business, and that it would be a great benefit for the community, where the cor-

poration's principal place of business was located, to have the defendant continue its going business, but these allegations were no more than matters of inducement in urging the appointment, and in no wise show that the creditors were in any way attempting to cover up anything or to delay the collection of the debts of others. It is true the appointment of a receiver might result in such delay, but because such might be the result would be no reason to set aside the appointment, where the pleadings and proof show that the parties praying for the receivership are clearly entitled to it. The trial court must have resolved these matters in favor of the receiver, i. e., that the petitioners were acting in good faith with no ulterior or improper motive, and it will be presumed that the court, being present, observing the witnesses and their manner of testifying, was in a better position to arrive at the facts than an appellate court, and the court is still in charge of the property through the receiver, and if at any time it shall be made to appear by motion in the trial court that through a receivership is not the best way to administer the affairs of the corporation to the end that the best interests of all concerned may be subserved, the receiver, upon such showing, will be discharged.

Finding no error in the record, the cause is affirmed.