VADEN v. BUCK et al. (No. 7045.)

(Court of Civil Appeals of Texas. Galveston. March 9, 1916.)

1. PLEADING ☞267—AMENDMENT—STATUTES —RULE OF COURT.

Under Rev. St. 1911, arts. 1824, 1825, and rule 16 for the district and county courts (102 Tex. xxxix, 142 S. W. xviii), touching the amendment of pleadings, in a suit by an agent to recover commissions for effecting a sale and exchange of lands between defendants and a party impleaded, where there was nothing in the amendment to his cross-bill which the party impleaded sought to file which operated to surprise the other parties, it not setting up any new matter, but merely amplifying the allegations of the original pleading, and correcting errors therein, the trial court, although its own rule required amendments to be filed five days before trial, which was not observed, erred in refusing to permit the party impleaded to file the amendment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 808; Dec. Dig. ☞267.]

2. APPEAL AND ERROR ☞1041(1)—HARMLESS ERROR—REFUSAL OF AMENDMENT.

Where an original cross-bill, with the trial amendments permitted to be filed, contained all material allegations in an offered amendment to the cross-bill, an erroneous ruling of the trial court refusing to permit the amendment was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4106; Dec. Dig. ☞1041(1).]

3. FRAUD ☞64(1) — QUESTION FOR JURY.

In a suit for fraud and false representations, where there was ample evidence to sustain plaintiff's allegations thereof, and to show

that he suffered damage, the issues were for the jury under proper instructions.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 65½, 67, 71; Dec. Dig. ⚙➔64(1).]

4. EVIDENCE ⚙➔358 — WITNESSES ⚙➔406 — CONTRADICTION—MAPS.

In a suit by the buyer of land for false representations of the seller's agent as to its quantity, the map furnished the buyer by the agent, which appeared to have been changed, after it was made by the surveyor, to show a greater amount of cultivated land on the tract than there was in fact, was admissible not only to contradict the agent's testimony, but as affirmative evidence to establish the buyer's allegations of fraud and false representations.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1500–1508; Dec. Dig. ⚙➔358; Witnesses, Cent. Dig. §§ 1276–1279; Dec. Dig. ⚙➔406.]

5. PLEADING ⚙➔228—ISSUES—EXCEPTIONS TO PLEAS.

Where the trial court sustained plaintiff's exceptions to pleas of waiver and estoppel, and no amendment thereof was filed, the issue was not in the case, and could not be considered by the jury.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584–590; Dec. Dig. ⚙➔228.]

Appeal from District Court, Anderson County; John S. Prince, Judge.

Suit by J. B. Berry against Bert G. Buck and another, in which O. L. Vaden was impleaded. From a judgment for plaintiff against defendants, and in favor of the defendants and plaintiff against the party impleaded, the latter appeals. Reversed and remanded.

A. D. Dyess, of Temple, and Funderburk & Strickland, of Palestine, for appellant. Gardner & Gardner and Campbell & Sewell, all of Palestine, and P. W. Brown, of Ft. Worth, for appellees.

PLEASANTS, C. J. By a cross-bill filed and presented in a suit brought by J. B. Berry against Bert G. Buck and Charles M. Buck to recover commissions alleged to be due him as agent in effecting a sale and exchange of lands between appellant and said Bert G. and Charles M. Buck, appellant, who was impleaded in said suit by the defendants Buck, sought to recover from said defendants and the plaintiff Berry the sum of $4,-000 actual damages, and from plaintiff Berry the further sum of $1,000 exemplary damages, for the alleged false and fraudulent representations of said Berry as agent of defendants Buck in effecting said sale and exchange of land, which false representations are alleged to have been willfully and maliciously made by the said Berry.

The pleading of appellant alleged, in substance, that on or about the 7th day of November, 1913, he entered into a contract with the said Bucks as principals, acting by and through their agent, J. B. Berry, whereby he purchased certain lots or parcels of land in Navarro county, Tex., described in his petition, for the sum of $34,000; that on or about the 17th day of November, 1913,

the defendants Charles M. Buck and Bert G. Buck conveyed by warranty deed the said property to said Vaden, and he paid the consideration specified in said contract. The intervener further alleged that prior to the purchase of said land by him and prior to the execution of the aforesaid deed and during the negotiations preliminary to said purchase and sale, the said J. B. Berry, acting for himself and his codefendants, represented as a matter of fact that said tract of land contained at least 500 acres of land that had previously been put in a first-class state of cultivation, when as a matter of fact there were only 317 acres of said land in a state of cultivation; that said representations as to the quantity of land in cultivation were material; that intervener relied upon same and did not discover that they were. false until after he had placed valuable improvements on the land.

In answer to this cross-action defendants Buck and plaintiff Berry, in addition to general and special denial, pleaded waiver and estoppel. Exceptions interposed by appellant to the pleas of waiver and estoppel were sustained by the trial court. The trial in the court below with a jury resulted in a verdict and judgment in favor of plaintiff Berry against the defendants Buck for the sum claimed by him, and in favor of said defendants and plaintiff against appellant on his claim for damages. This verdict was returned in obedience to peremptory instructions by the court.

The first assignment of error complains of the refusal of the trial court to grant appellant's request, made before the commencement of the trial, to file an amended pleading. It appears from the bill of exceptions and the qualifications made thereto by the trial judge that the cause was set for trial on December 10, 1914. The court was engaged until late in the evening of that day in the trial of another cause, and when this cause was finally reached it was too late to begin the trial before the morning of the 11th, but plaintiff and defendants announced ready. Thereupon appellant before announcing asked leave to file an amended pleading, which request was refused. On the next morning before the trial of the case began appellant renewed his request, and it was again refused. In explanation of his ruling refusing leave to file the amendment, the trial judge states that a year or more before the trial of this cause he had made an order which was entered upon the minutes of the court that required all amendments to pleadings to be filed at least five days before the day set for the trial of the case in which they were filed, and that this requirement had been frequently announced by the court and usually adhered to by both the court and attorneys; that plaintiff's counsel objected to the filing of the amended plead-

ing offered by appellant on the ground that it came too late, and "much was said on both sides as to whether the pleading contained new matter, which the court does not fully remember. Plaintiff was contending that the new pleading set up a new cause of action. The objection was sustained and the amended pleading not permitted to be filed, but intervener (appellant) was permitted to file a trial amendment correctly pleading his measure of damage as the original pleading had failed to do." During the trial appellant was also permitted to file a trial amendment to meet a variance between the allegations of his original pleading and the evidence offered by him.

[1] The trial court erred in refusing to permit appellant to file the amendment. There was nothing in the amendment which could have operated to surprise appellees. It does not set up any new matter, but merely amplifies the allegations of the original pleading and corrects errors therein, and under the statute regulating amendment of pleadings the trial court was not authorized to refuse to permit the amendment to be filed. It goes without saying that the rule promulgated by the trial court cannot change or modify the rules fixed by the statute and prescribed by the Supreme Court regulating the amendment of pleadings. Articles 1824 and 1825, Revised Statutes (1911); rule 16 for district and county courts (102 Tex. xxxix, 142 S. W. xviii); Metzger v. Wendler, 35 Tex. 367; Fidelity & Casualty Co. v. Carter, 23 Tex. Civ. App. 359, 57 S. W. 315; Railway Co. v. Butler, 34 S. W. 756; Boren v. Billington, 82 Tex. 137, 18 S. W. 101.

[2] We do not think, however, that this erroneous ruling of the trial court would require a reversal of the judgment, because the original pleading with the trial amendments permitted to be filed by the court contains all of the material allegations in the offered amendment, and there is nothing in the record which suggests that appellant suffered any injury by not having been permitted to file his amendment.

[3] The second assignment complains of the charge of the court peremptorily instructing the jury to return a verdict against appellant. This assignment must be sustained. There is ample evidence to sustain the appellant's allegations of fraud and false representations and to show that he suffered damages thereby, and these issues should have been submitted to the jury under proper instructions.

[4] The map offered by appellant in evidence, which was furnished appellant by plaintiff Berry and which appears to have been changed after it was made by the surveyor so as to show a greater amount of cultivated land on the tract sold appellant than there was in fact, was admissible not only for the purpose of contradicting the testimony of plaintiff, but as affirmative evidence tending to establish the allegations of fraud and false representations alleged in appellant's pleading, and the trial court should not have limited this evidence to the question of the credibility of plaintiff.

[5] The trial court having sustained appellant's exceptions to the pleas of waiver and estoppel and no amendment of said pleas having been filed, that issue was not in the case and could not properly have been considered by the jury.

For the error of the trial court in instructing the jury to return a verdict against appellant, the judgment is reversed, and the cause remanded.

Reversed and remanded.

---

⊜⊸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes