### DAVIS, Agent, v. FOUR LAKES CATTLE CO.
### (No. 1376.)*

(Court of Civil Appeals of Texas. El Paso, Nov. 23, 1922. Rehearing Denied Dec. 14, 1922.)

1. **Pleading** ⟺237(7)—**Trial amendment to meet variance in proof held proper.**

In action against carrier for injury to cattle shipped, from lack of sufficient water at E., the point where they were unloaded, where the complaint alleged the cattle were billed to E., but the defendant, at the trial, offered in evidence the transportation contract showing the billing was to L., a point further on, a trial amendment was properly allowed, to meet the variance in proof, alleging the billing was to L., but that on the representations of the carrier's agent at E. that there was sufficient water there, the plaintiff caused the cattle to be unloaded at E.; defendant not requesting continuance or postponement on account of the amendment.

2. **Carriers** ⟺207(3)—**Agent's representations to shipper as to water facilities at station where shipper desired to terminate transportation before reaching destination, held within scope of authority.**

Where a shipper of cattle billed to L., a point 25 miles further on than E., asked the agent at E. if there was plenty of water at E., so that shipper could exercise his right to terminate the transportation at E. and unload the cattle there, the agent's affirmative reply to such inquiry on which the shipper relied and acted by unloading the cattle at E. *held* within the scope of the agent's authority, being in relation to the proper conduct of the carrier's business at E.

3. **Carriers** ⟺207(3)—**Where agent represented there was plenty of water at station where shipper desired to terminate transportation before reaching destination, shipper not required to make independent investigation of water supply.**

Where a shipper of cattle billed to L., a point 25 miles further on than E., asked the agent at E. if there was plenty of water at E., so that shipper could exercise his right to terminate the transportation at E. and unload the cattle there, and the agent represented there was plenty of water there, the shipper could rely upon such representation and unload his cattle at E. without making an independent investigation to ascertain if the water supply there was ample.

4. **Carriers** ⟺207(3)—**Shipper has right to terminate transportation before destination.**

Shipper of cattle had the right, under his original shipping contract, to terminate their transportation before they reached the point to which billed, and the carrier's agreement to stop the transportation at such an intermediate point was not required to be supported by any new or independent consideration.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by the Four Lakes Cattle Company against James C. Davis, Agent of the United States. From a judgment for plaintiff defendant appeals. Affirmed.

Turney, Burges, Culwell, Holliday & Pollard, of El Paso, for appellant.

Ed. M. Whitaker and Volney M. Brown, both of El Paso, for appellee.

HIGGINS, J. The appellee brought this suit to recover damages to a shipment of 18 carloads of cattle over the line of the Atchison, Topeka & Santa Fé Railway Company in May, 1918.

It was alleged that bills of lading were issued providing for the transportation of the cattle from Kenna to Encino, N. M., and that they were damaged by rough handling and delay in transportation. It was also alleged:

"That at or about the time plaintiff shipped said cattle it, through its agent, C. B. Armstrong, went to the agent of the Director General at Encino, N. M., and informed him that plaintiff was about to ship said cattle and that they desired to unload the same at Encino, N. M., provided that there would be watering facilities and plenty of water for said cattle upon their being unloaded, as they would be thirsty and would have to be watered as soon as they were unloaded at Encino, but, if there were not sufficient facilities and water to water said cattle by the said Director General and his agents at Encino, N. M., he would bill the cattle to Lucy, N. M., instead of Encino, N. M., where there was plenty of watering facilities for taking care of said cattle.

"That the said Director General, through his agent, assured the plaintiff, through its said agent, G. B. Armstrong, that there was plenty of water and facilities were good for the watering of said cattle by the Director General, through his agent at Encino, N. M., and that he would be safe in billing the cattle to said point.

"That, acting on said instructions by said agent, the plaintiff caused said cattle to be billed and shipped to Encino, N. M., but the said Director General and his agents negligently and carelessly failed to furnish sufficient water and facilities for the watering of said cattle at Encino, N. M.

"That, if there had been facilities for watering said cattle at Encino, they would have been watered at said point and moved out a short distance from Encino and herded by plaintiff's agent without any loss to it, but, on account of the fact that said cattle had no water at the time they arrived at Encino for many hours prior thereto, they were so thirsty that it was impracticable and in fact impossible for them to be held and herded, and therefore it was necessary to place said cattle in the pens of the said Director General at Encino, which were insufficient to receive them, and that there were no facilities for watering them, all of which caused them to become tired, footsore, and weary and to get down in the pens and hook, horn, and bruise each other, and to trample upon each other and suffer greatly for want of water and feed and cause many of them to die and all of them to be greatly reduced in their market value."

C. L. Ballard, president of appellee, testified that the cattle were billed to Encino, but upon the trial defendant offered in evidence the transportation contract covering the shipment and which provided for transportation from Kenna to Lucy, N. M. Encino is between Kenna and Lucy and near the latter place.

After the close of the evidence the court permitted appellee, over the objection of appellant, to file a trial amendment which reads:

"That the cattle described in plaintiff's third amended original petition were billed by the plaintiff from Kenna, N. M., to Lucy, N. M.; that prior to the arrival of said cattle at Encino, N. M., en route to destination, plaintiff's agent, G. B. Armstrong, went to the agent of the Director General at Encino, N. M., and informed him of the shipment and of plaintiff's desire to unload said cattle at Encino provided there would be sufficient facilities and water for watering said cattle, all as alleged in plaintiff's third amended petition; that the Director General, through his agent, assured the plaintiff that there were facilities for watering said cattle and plenty of water at Encino, N. M., and that he would be safe in unloading said cattle at said point. Acting on said representations, plaintiff caused said cattle to be unloaded at Encino, N. M., but said Director General negligently and carelessly and in violation of his duty under said contract or bill of lading and under the law failed to furnish such watering facilities for watering said cattle, all of which caused the damages as alleged in plaintiff's third amended petition."

The court submitted the issues of damage from delay and rough handling in transportation and the lack of sufficient water at Encino.

Verdict was returned and judgment rendered in favor of appellee for $2,500.

[1] Error is assigned to the action of the court in permitting appellee to file the trial amendment. The defendant made no request to continue or postpone on account of the amendment. It was made for the purpose of meeting a variance in the proof. The defendant itself offered the written contract in evidence and was not surprised, and, if so, it should have asked for a continuance or postponement. Under the authorities this matter presents no error. Telegraph Co. v. Bowen, 84 Tex. 477, 19 S. W. 554; Pitzer v. Decker (Tex. Civ. App.) 135 S. W. 161; Dublin v. Taylor, B. & H. Ry. Co., 92 Tex. 535, 50 S. W. 120; Ferrell v. City of Haskell (Tex. Civ. App.) 134 S. W. 784; Fidelity & Cas. Co. v. Carter, 23 Tex. Civ. App. 359, 57 S. W. 315; King County Land & L. S. Co. v. Thomson, 21 Tex. Civ. App. 473, 51 S. W. 890; Ames v. Gill (Tex. Civ. App.) 190 S. W. 1130; Hart-Parr Co. v. Alvin Jap. Co. (Tex. Civ. App.) 179 S. W. 697; Amer. Wareh. Co. v. Ray (Tex. Civ. App.) 150 S. W. 763; Moore

v. Moore, 73 Tex. 382, 11 S. W. 396; Railway v. Huffman, 83 Tex. 286, 18 S. W. 741; Petty v. Lang, 81 Tex. 238, 16 S. W. 999; Mer. Ins. Co. v. Reichman (Tex. Civ. App.) 40 S. W. 831; Contreras v. Haynes, 61 Tex. 103; Gwinn v. O'Daniel, 5 Tex. Civ. App. 112, 23 S. W. 850.

Various propositions relate to the same question, which is to the effect that the representations alleged to have been made by the agent at Encino to appellee's manager, Armstrong, cannot be made the basis of an action for the damage resulting from an insufficient water supply at Encino.

It is asserted that the representation of the agent was not within the scope of his authority, and that the case falls within the rule of decision announced in Railway Co. v. Jackson & Edwards, 99 Tex. 347, 89 S. W. 968; Railway Co. v. Belcher, 88 Tex. 550, 32 S. W. 518; and Railway Co. v. Dinwiddie, 21 Tex. Civ. App. 344, 51 S. W. 353.

The cattle were being shipped from appellee's drouth-stricken ranch near Kenna to another ranch in the neighborhood of Encino and Lucy. The ranch to which they were being moved could be reached from either Lucy or Encino, but was more accessible from Encino. Appellee's manager, Armstrong, went to Encino after the cattle had been started on their journey from the ranch near Kenna. He went by automobile to Encino and arrived there ahead of the cattle train. He testified he was familiar with conditions at Lucy and knew that there was ample water for the cattle there or near there. When he arrived at Encino, he went to appellant's agent and told him that he would rather unload the cattle there than at Lucy, which was 25 miles further on, and would unload at Encino if there was water there, but, if not there, he would be compelled to have them go on to Lucy. There was a water tank of ample size at Encino, and the agent informed Armstrong that he had plenty of water at Encino to take care of the shipment. If it had not been for this representation, Armstrong would have permitted the cattle to go on to Lucy. But, relying on the agent's statement, he caused the shipment, while in transit on the railroad, to be diverted from Lucy to Encino and unloaded at the latter place. The supply of water in the tank was wholly inadequate, and in consequence the cattle were seriously damaged.

[2] He had the right to terminate the transportation of the cattle when they reached Encino. Railway Co. v. Caruthers (Tex. Civ. App.) 157 S. W. 238. It being the shipper's right to terminate the transportation of the cattle at Encino, it was within the scope of the authority of the agent at Encino to advise Armstrong of the water facilities at his station. It was a matter which related to the proper conduct of appellant's business

at Encino, and in our opinion the doctrine of the cited cases has no application, and the appellant is liable for the damage resulting from the agent's negligence in the premises.

[3] Nor was appellee's agent, Armstrong, required to make an independent investigation and ascertain if the water tank had an ample supply of water in it. E. P. & N. E. Ry. Co. v. Lumbley, 56 Tex. Civ. App. 418, 120 S. W. 1051; I. & G. N. Ry. Co. v. McCullough (Tex. Civ. App.) 118 S. W. 558; G., H. & S. A. R. Co. v. Jackson (Tex. Civ. App.) 37 S. W. 255.

[4] Another proposition relied upon is that—

"The agreement made basis of plaintiff's trial amendment, and on which cause was submitted by the court, was wholly without consideration, no benefit could accrue to the carrier therefrom, and same was not binding upon it."

The right of diversion accrued under the original shipping contract, and it was not necessary that the agreement to stop the shipment at Encino be supported by any new or independent consideration.

Affirmed.