Gaines, Associate Justice.
Appellee brought this suit in the court below to recover of appellants damages to his homestead in the city of Texarkana, alleged to have been caused by "the construction of appellant’s railway along the street in front of the property. In an amended petition filed at October term, *689 1886, of the court, the lot is described as the southwest corner of block 74, fronting on Ward street. At the spring term, 1887, the cause was called for trial and plaintiff announced ready. The defendant having obtained leave and filed an amended answer; plaintiff, by leave of the court, filed a second amended original petition, in which he described the property as the north half of block 74, fronting on Ward street. The defendant then asked that the cause be continued, and this being refused by the court, excepted, and made his bill of exception a part of the record. The court did not err in permitting the amended petition to be filed. The statute provides that “ the pleadings may be amended upon such terms as the court may prescribe, before the parties announce themselves ready for trial and not thereafter.” (Rev. Stat., article 1192.) It is decided that this is directory and that it is not error for the court in the exercise of a sound discretion to allow the pleading to be amended even after the trial has commenced. (Parker v. Spencer, 61 Texas, 155; Obert v. Landa, 59 Texas, 475; Whitehead v. Foley, 28 Texas, 10.)
Nor do we think there was error in refusing defendant’s application to continue the cause. The application' was oral and seems to be based solely upon the ground that the change in the description of the property, operated as a surprise to the defendant, and necessarily required a continuance of the case at its request. But such is not the law. Admitting for the sake of the argument, that the amended petition set up a new cause of action, the question of continuance was largely in the discretion of the court. When the amendment is such as to take the other party by surprise, the rules prescribe that “it shall be cause for imposing the cost of the term upon and charging the continuance of the cause (both or either) to the party causing the surprise, if the other party demanded it and shall make a satisfactory showing, or if it is otherwise apparent that that he is not ready for trial, on account of said * * amendment being allowed to be filed by the court.” (Rule 16,47 Texas, 619.) The defendant filed no affidavit showing that he was not prepared to go to trial, and we can not say that it was apparent to the court without such showing, that he was not ready. Both the first and second amended petition, in laying the place of injury, says: “The said defendant * * * constructed its said railway in and upon said Ward street immediately in front of and within fifty feet of plaintiff’s said residence, on said por *690 tion of said block;” the only difference being that the second amendment places the residence upon a different part of the block from that alleged in the. first. The defendant having failed to show, by written affidavit, wherein it was not as well prepared to defend against the latter as against the former petition, we think that the court was well warranted in holding, as a matter of fact, that there was no surprise. This conclusion seems borne out by the subsequent proceedings in the case. The plaintiff introduced four witnesses, including himself; the defendant seven, including the mayor of the city, the former city surveyor and neighbors of plaintiff. The facts apparently were very fully presented, and the motion for a new trial does not show that there was any evidence material to defendant, of which it did not have the benefit upon the rehearing.
The case of Cowan v. Williams, 49 Texas, 380, cited by counsel, is very different from the case at bar. There the amendment was made and the cause tried in the absence of the defendant and his counsel, and his motion for a new trial set up grounds showing his suprise. , The court say: “If he or his counsel had been present, a continuance would have been granted on an affidavit of surprise by the amendment.” Here there was no affidavit of surprise.
But it is insisted that the court erred in overruling the motion for a new trial, “ because the propf showed that no specific injury was done to plaintiff’s premises by the building of said railroad in said street, and that the only injury sustained by plaintiff was such as was common to all other property owners in said street.” The fact that the injury was common to all other property holders on the street would not bar the plaintiff’s right of recovery. The plaintiff sues for a special damage to his own property by reason of defendant’s having impaired the use of the street upon which it fronts. It does not affect his right to recovery, that the owners of property fronting on the same street have been injured in the same manner. This is a loss peculiar to plaintiff’s property, and not one he suffers in common with the community generally where the property is situated. (Gulf, Colorado & Santa Fe Railway Company v. Fuller, 63 Texas, 467.)
As to the damages, the evidence was conflicting. But there was testimony that the railroad made a cut in the street in front of defendant’s property from four to six feet deep; that there was room between this and the sidewalk for the passage of one *691 vehicle, but not for two to pass each other or for one to turn around; and that plaintiff’s buildings were endangered by the sparks of the passing engines. This tends to. show damages recoverable by law, and is sufficient to support the finding of the court. (Gulf, Colorado & Santa Fe Railway Company v. Eddins, 60 Texas, 656.)
Opinion delivered October 28, 1887.
It is also assigned that the damages allowed were excessive. Plaintiff’s witnesses placed the damages at from five hundred to one thousand two hundred dollars. Defendant’s witnesses testified that the property was not depreciated by construction and operation of the railroad, and that there was no damage. There being a conflict of testimony, and there being ample evidence to sustain the finding of the court as to the amounts of damages, the judgment will not be disturbed on this ground.
We find no error in the judgment, and it is affirmed.

Affirmed.