### T. M. FORD, RECEIVER, v. S. F. LINER ET AL.

Decided October 29, 1900.

**1. Bill of Exceptions—Order in Vacation Striking Out.**

A district judge has no power to adjudicate the right of litigants in vacation unless authorized to do so by statute, and his action in vacation sustaining a motion to strike a bill of exceptions from the record is a nullity.

**2. Practice in Trial Court—Amendment.**

Plaintiff sued on certain notes, and when he offered them in evidence they were excluded because of a variance between the notes and their description in the petition. Plaintiff then asked permission to file a trial amendment, which was denied; then he asked to be allowed to withdraw his announcement of ready, which was also denied; and he then took a nonsuit, and subsequently moved to reinstate the case, which motion was overruled. Held, that the action of the court was reversible error as an abuse of judicial discretion, since no injury could have resulted to defendant from permitting plaintiff to pursue one or the other of the methods sought.

APPEAL from Ellis. Tried below before Hon. J. E. DILLARD.

*Jack & Jack* and *Templeton & Harding*, for appellant.

*Lancaster, Beall & Gammon*, for appellees.

RAINEY, CHIEF JUSTICE.—This suit was brought by appellant against the appellees to rescind a sale of land and to recover same, or, in the alternative, to recover a judgment on certain notes which it is alleged were executed for the purchase price for said land. The default in the payment of the notes was duly alleged.

After the trial had begun plaintiff offered in evidence certain notes which, it was shown, were the notes given for the purchase price of the land. Objection was made by defendant to their introduction upon the ground that there was a material variance between the notes offered and those set out in the petition, which objection was sustained. Plaintiff thereupon moved the court to be allowed to file a trial amendment, which was denied. Plaintiff then asked to be allowed to withdraw his announcement of ready, which was also denied. Plaintiff thereupon took a nonsuit. Subsequently plaintiff filed an application praying for the reinstatement of his suit, which application was overruled. The record shows that bills of exception were duly reserved to the action of the court in the particulars named. After the transcript was filed in this court, the appellees filed an application suggesting an imperfect record, etc., and praying for a writ of certiorari. In obedience to the writ the clerk of the lower court sent up certain proceedings had before the district judge in vacation. These consist of a motion by appellees to strike from the record the bill of exceptions on the ground that it was never signed by the trial judge, and the action of the court thereon, which resulted in an order sustaining said motion and striking from the record said bill. As before stated, this proceeding was had in vacation. A district judge in this State has no power to adjudicate the rights of litigants in vacation unless authorized so to do by statute. Hardware Co. v. Stove Co., 88 Texas, 468. There is no statute authorizing a judge in vacation to proceed as mentioned herein, and such action is a nullity, and we can not consider it in passing upon this appeal. This leaves the record as originally filed, showing a bill of exceptions duly reserved to the action of the court.

The proceeding in vacation being eliminated, the question arises whether the action of the trial judge as shown by the bill of exceptions was error. We think this question should be answered in the affirmative. While discretion is given to a trial judge in permitting the withdrawal of an announcement of ready, or the amendment of pleadings after the trial is entered into and before it is submitted to the jury, yet such discretion is not absolute, but should be exercised in such a manner as to attain the ends of justice. Grocery Co. v. Carter, 30 S. W. Rep., 487, and authorities there cited.

Under the circumstances, no injury could have resulted to appellees had the court permitted appellant to pursue one or the other methods sought, but the refusal to do so worked such injury to him as warrants this court in reviewing the action of the lower court in this particular. As the trial court refused to permit the appellant to amend, or to with-

draw his announcement, we think, under the circumstances, the motion to reinstate should have been sustained.

For the errors pointed out the judgment is reversed and cause remanded.

*Reversed and remanded.*