MARGARET VOORHEES, PETITIONER-RESPONDENT, v. SMITH SCHOONMAKER COMPANY, DEFENDANT-PROSE-CUTOR.

Submitted July 3, 1914—Decided November 6, 1914.

In this case the deceased employe, in doing his work of furrowing sixteen heavy posts, was obliged to push them separately through the machine provided, and in so doing to set his body against the end of each post, thus causing a severe pressure and a large bruise in the abdominal region. After working thirteen of the posts, he stopped in great pain, and was taken home where he shortly afterwards died. It appeared that death was caused by internal hemorrhage. There was evidence that deceased had had internal disease of some standing. *Held,* that conceding this, the trial court upon the evidence was justified in finding that the proximate cause of the hemorrhage and death was the pressure on the abdomen, and that the death was caused by an accident arising out of and in the course of the employment.

---

On *certiorari* to judgment of Somerset Common Pleas under the Workmen's Compensation act of 1911.

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutor, *McCarter & English.*

For the respondent, *John F. Reger.*

The opinion of the court was delivered by

PARKER, J.  The principal question raised is whether the Court of Common Pleas was justified in finding that the death of Ira Voorhees, the employe, resulted from an accident arising out of and in the course of his employment.

The deceased, a man of middle age or over, worked in a wood-working shop of prosecutor, and at the time of the seizure just preceding his death was working at a task of furrowing sixteen posts, each six inches square and weighing about one hundred pounds apiece.  To do this he had to get each post upon the table of the furrowing machine and push it forward against the knives by body pressure, which was exerted by pressing his abdomen forcibly against the end of the post. Each post had to be run through twice.

After Voorhees had finished thirteen of the posts he sat down, evidently in great pain, and shortly afterward sent for a doctor who had him taken home, where he died three days later.  He vomited blood and passed bloody stools, and the doctor pronounced the trouble internal hemorrhage.  After death the undertaker, as he testified, found the body in such condition that he had it buried a day earlier than originally intended.  It was in evidence that there was a large bruise on the abdomen where the pressure had been exerted on the ends of the posts.

The effort of the defence was to show that death was produced by a rupture resulting from cancer.  The family refused to consent to an autopsy, but that was their right.  It must be conceded that much of the evidence points to cancer and an internal rupture of some kind.  But it was quite plain, and the trial court was fully justified in finding that the rupture occurred while the deceased was in the very act of doing some unusually heavy work.  So, that even if deceased was suffering from internal cancer, it was quite within the province of the court to find that the proximate cause of

death was the unusual and forcible pressure on parts weakened by disease, which but for the unusual strain would have held out for a considerable period. In this aspect the case closely resembles the case of Jones *v.* Public Service Railway Company, recently decided by the Court of Errors and Appeals, but not yet reported, where deceased was suffering from a complication of diseases, but the jury found that the proximate cause of death was the shock of a collision of a trolley car in which he was riding as a passenger.

This view of the case, justified by the evidence, properly led the trial judge to find that death resulted from an accident, that the accident happened while deceased was at work and therefore in the course of employment; and that it was brought on by the work and therefore arose out of the employment.

The exclusion of further cross-examination of a witness after he had been examined three times on direct and twice on cross-examination, was not error, as the questions did not relate to the last subject of direct examination. We think the undertaker, in view of the experience incidental to his occupation, was qualified to give his opinion that death was due to internal hemorrhage, but if not, there was ample evidence of this from other witnesses, and, indeed, it was consistent with, if not essential to, either theory of the case.

The judgment is affirmed.