## HALL v. BOWLES. (No. 11115.)

(Court of Civil Appeals of Texas. Fort Worth. March 28, 1925.)

Pleading ⬡⟹245(3)—Refusal of trial amendment to correct clerical error in petition held error.

Refusal of court to permit trial amendment to correct clerical error in petition, as to location of property for selling which commissions were claimed, *held* error, notwithstanding Rev. St. art. 1824, especially where it appeared that finding for plaintiff would otherwise have been authorized.

Appeal from Tarrant County Court; P. W. Seward, Judge.

Action by C. H. Hall against John A. Bowles. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Alexander & Baldwin, of Fort Worth, for appellant.

Shropshire & Shropshire, of Fort Worth, for appellee.

CONNER, C. J. Appellant, C. H. Hall, instituted this suit against John A. Bowles to recover the sum of $225, alleged to be due as commission for the sale of a certain house and lot for appellee to a Mrs. Richardson. Appellant alleged that the house sold was situated at 819 Lipscomb street, and that as part of the consideration therefor, appellee had agreed to take in a vacant lot. Further allegations were made appropriate to and sufficient to authorize a recovery in appellant's favor. A jury was selected to try the case. On the trial, however, the testimony of appellee was to the effect that the house and lot sold was in fact situated at 819 Cannon avenue instead of 819 Lipscomb street, as alleged in the petition. In this connection the evidence was to the further effect that the lot, owned by Mrs. Richardson and accepted by appellee as part payment of his house and lot, was situated at 819 Lipscomb street. In this condition of the allegations and proof, appellant applied to the court for leave to file a trial amendment correcting his allegations so as to show that the house in question was situated at 819 Cannon avenue instead of 819 Lipscomb street. This the court refused to permit, and in compliance with the request of appellee's counsel, peremptorily instructed the jury to find for appellee, which the jury did, and judgment was rendered accordingly. From this judgment appellant has duly prosecuted this appeal, assigning error to the action of the court in refusing to permit him to file trial amendment as requested.

We think the court erred in refusing appellant to file the trial amendment requested, and that the assignment of error complaining of such refusal must be sustained. It is true that article 1824 of the Revised Statutes, relating to amendments, requires that:

"All amendments to pleadings, pleas and pleas of intervention, must, when court is in session, be filed under leave of the court, upon such terms as the court may prescribe, before the parties announce ready for trial, and not thereafter."

In the case of Railway Co. v. Goldberg, 68 Tex. 685, 5 S. W. 824, our Supreme Court expressly held, following a number of preceding Texas decisions, that the provision just quoted was directory. And numerous cases, since the decision of those referred to, have so construed the statute. In this case it seems evident that the pleader, in designating the situation of the house in question, as at 819 Lipscomb street instead of 819 Cannon avenue, did so inadvertently, and that the mistake was merely clerical. It does not appear that appellee was in any way surprised or misled and, he having made no suggestion of surprise or an application to continue in order to be able to meet the case as made by the proposed changed pleading, the court erred in overruling appellant's application.

In the case of Telegraph Co. v. Bowen, 84 Tex. 477, 19 S. W. 554, in which a trial amendment was allowed, it was held that it was not necessary to withdraw an announcement of ready for trial in order to be entitled to file trial amendment.

It is said in the case of Greeley-Burnham Grocery Co. v. Carter et al. (Tex. Civ. App.) 30 S. W. 487, that:

"It was within the discretion of the trial court to grant the request of the plaintiff to withdraw its announcement and amend its pleadings. This discretion should be used to attain the ends of justice, and is not arbitrary and absolute"—citing cases.

See, also, Ferrell v. City of Haskell (Tex. Civ. App.) 134 S. W. 784.

In view of the circumstances stated, and of the fact that the pleadings and evidence otherwise would have authorized a finding and judgment in appellant's favor, we think the court erred in his ruling as stated. For such error the judgment below must be reversed, and the cause remanded.

---

⬡⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes