## EMPLOYERS' CASUALTY CO. v. ROLAND et al. (No. 789-4788.)

Commission of Appeals of Texas, Section B. Jan. 4, 1928.

Rehearing Denied Feb. 15, 1928.

**1. Appeal and error ⬅═362(1)—Only those rulings of Court of Civil Appeals properly assigned as error can be considered by Supreme Court on writ of error.**

Supreme Court upon writ of error can consider for purpose of reversal only those rulings of Court of Civil Appeals properly assigned as errors in application.

**2. Appeal and error ⬅═1082(2)—Application to Supreme Court for writ of error must show that rehearing was filed in Court of Civil Appeals presenting points upon which writ is asked.**

An application to Supreme Court for writ of error must show that a motion for rehearing was filed in Court of Civil Appeals presenting points upon which writ is asked; such requirement being jurisdictional.

**3. Appeal and error ⬅═362(2)—Application for writ of error complaining only of rulings of trial court did not present for review judgment of Court of Civil Appeals reversing and rendering judgment.**

Application to Supreme Court for writ of error to review judgment of Court of Civil Appeals reversing judgment below and rendering judgment for plaintiff, complaining merely of rulings of trial court but not those of Court of Civil Appeals, presents nothing for review.

**4. Appeal and error ⬅═1027—Defendant cannot complain of trial court's rulings, where judgment was rendered for defendant.**

Defendant cannot complain of errors in rulings of trial court, where judgment was rendered in his favor.

**5. Appeal and error ⬅═1122(3)—Assignments complaining of refusal to make findings of fact which were merely evidentiary and not inconsistent with judgment of Court of Civil Appeals held properly overruled.**

Assignments complaining of refusal of Court of Civil Appeals to make findings of fact on defendant's application were properly overruled where facts sought to be found were not controlling, but were merely evidentiary and would not have been inconsistent with judgment of Court of Civil Appeals.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by Mrs. F. G. Roland and others against the Employers' Casualty Company. Judgment for defendant was reversed, and judgment rendered for plaintiffs by the Court of Civil Appeals (290 S. W. 895), and defendant brings error. Affirmed.

Lawther, Pope, Leachman & Lawther, of Dallas, for plaintiff in error.

Donald & Donald, of Bowie, for defendants in error.

SPEER, J. This is a compensation case instituted in the district court of Montague county by Mrs. F. G. Roland and her minor daughter as statutory beneficiaries against Employers' Casualty Company, who carried a policy in favor of the Mascho Corporation, engaged in drilling operations, by whom B. C. Roland, the husband and father, deceased, was employed as an assistant driller. There was a trial before a jury upon special issues upon which the trial court entered judgment for the defendant, but on appeal this judgment was reversed and judgment was rendered upon the verdict for the plaintiffs. 290 S. W. 895.

The issues upon which the case was submitted and the answers returned thereto are as follows:

"(1) Did B. C. Roland receive an injury while in the course of his employment at the well, on or about the 7th day of August, 1924? A. Yes.

"(2) If you have answered the foregoing issue 'No,' then you need not answer this, but if you have answered the same 'Yes,' then was said injury the direct and proximate cause of the death of the said B. C. Roland? A. Yes.

"(3) If you have answered either of the foregoing issues 'No,' then you need not answer this, but if you have answered both of the foregoing issues 'Yes,' then would a failure of the defendant, Employers' Casualty Company, to make a lump sum settlement with the plaintiff of the compensation due them, if any is due them, on account of said injury, if any, work manifest hardship and injustice to the plaintiffs? A. Yes.

"No. A. Did the Employers' Casualty Company have a policy of insurance in force during the month of August, 1924, covering injuries to employees of the Mascho Corporation under the Texas Workmen's Compensation Act? A. Yes.

"No. B. Did the Employers' Casualty Company or the Mascho Corporation receive or have notice of such injury, if any, within 30 days after the 7th day of August 1924? A. Yes."

Notwithstanding this verdict, the trial court entered the judgment he did for the following reason:

"And the court, having considered said verdict, is of the opinion and so finds it to be a fact that special issue No. B. should not have been submitted to the jury because there is no pleading or evidence in the record to sustain the submission of such an issue to the jury or the answer of the jury to such issue, and that the same therefore should be and is treated as a nullity."

The Court of Civil Appeals disagreed with this conclusion and held that the statute requiring notice of injury within 30 days applied only in cases of injury not resulting in death, and that beneficiaries where the employee died from such injuries were allowed 6 months for giving such notice, which was met in this case by the institution of suit

⬅═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

within that time. In the manner in which the case is presented to us we shall not pass upon this question, but our silence is not to be taken as any indication for or against the holding of the Court of Civil Appeals, but is perforce of the statute affecting our jurisdiction.

[1, 2] It is thoroughly settled that the Supreme Court upon writ of error can consider for the purposes of a reversal only those rulings of the Court of Civil Appeals properly assigned as error in the application. Quarles v. Hardin (Tex. Com. App.) 249 S. W. 459; Quarles v. Conway (Tex. Com. App.) 249 S. W. 463; Homes v. City of Henrietta, 91 Tex. 318, 42 S. W. 1052; Texas, etc., v. Stephens, 100 Tex. 628, 103 S. W. 481. It is even required that the application for writ of error must show that a motion for rehearing was filed in the Court of Civil Appeals presenting the points upon which the writ is asked. This is jurisdictional. Knodel v. Equitable, etc., Co. (Tex. Com. App.) 221 S. W. 941.

[3] As above shown, the Court of Civil Appeals not only reversed the judgment of the trial court, but rendered judgment for the appellants, plaintiffs below. The application for writ of error nowhere assigns this judgment of the Court of Civil Appeals as error. It is complained that:

"The trial court erred in overruling and in refusing to sustain defendant's general demurrer contained in defendant's first amended original answer because the plaintiffs' trial petition did not state a cause of action in that there was no allegation that the employer or insured had or was given notice of injury in the course of the employee's employment within 30 days after the date on which it is alleged to have happened."

And it is also complained that:

"The trial court erred in overruling and refusing to sustain the plaintiff in error's motion for a peremptory instruction filed in writing when the plaintiffs rested and before the defendant introduced any evidence." (Giving the reasons therefor.)

It is further complained:

"The trial court further erred in overruling and in refusing to sustain defendant's motion for an instructed verdict duly and legally presented for file upon the close of all the evidence." (Again setting forth reasons.)

But, the Supreme Court exercises jurisdiction to review the judgment of the Court of Civil Appeals and not that of the trial court originally. These assignments do not for once complain of the judgment of the Court of Civil Appeals in any respect. It cannot help the matter that these complaints constituted cross-assignments of this plaintiff in error in the Court of Civil Appeals. Upon such assignments it had the right to invoke a ruling of that court, and, upon such ruling

being adverse, it was its duty to assign error in its application for writ of error.

[4] The correctness of our holding in this respect is accentuated by the fact that notwithstanding the assignments of error in the Court of Civil Appeals complaining of the rulings of the trial court, nevertheless he rendered judgment for the defendant. So that, in no event, could plaintiff in error have a reversal upon such errors that admittedly could not, and did not, harm it. By no sort of liberal interpretation can there be said to be a complaint as to the rulings of the Court of Civil Appeals.

[5] There are, however, a group of assignments, being the eighth to fifteenth, inclusive, which do attack the action of the Court of Civil Appeals. They all complain of the refusal of that court upon this plaintiff in error's application to make findings of fact as set out in the respective assignments. But none of these presents error, and each was properly overruled by the Court of Civil Appeals. None of the findings, as made, would have defeated the judgment actually rendered by the Court of Civil Appeals. For instance, by the eighth assignment the complaint is made that the court refused to find "that at the time of and prior to the alleged strain, the deceased had an infected or diseased appendix, i. e., the appendix had been invaded by germs and had become damaged or harmed by reason thereof;" and by the ninth assignment, "that the alleged strain to the deceased is alleged to have happened about 6 o'clock a. m. on the morning of August 7, 1924;" and the tenth, "that the deceased was operated on about 8 a. m., by Dr. E. W. Wright, on the morning of August 8, 1924;" and by yet another, "that after the alleged strain the deceased did no further work." It is thus apparent the facts which plaintiff in error sought to have found were not controlling facts, but were merely evidentiary. None of the fact findings thus sought would have been inconsistent with the result in the Court of Civil Appeals.

We therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.

## On Motion for Rehearing.

SPEER, J. We have carefully considered the request by plaintiff in error to be allowed to file assignments of error, but we are clearly of the opinion, if such assignments were filed, they should be overruled, because the Court of Civil Appeals correctly disposed of the assignment in that court presenting the matter sought to be raised by such new assignments.

We therefore recommend that the motion for rehearing by plaintiff in error be overruled.