## SACKVILLE et al. v. GARRETT.

### No. 1255.

Court of Civil Appeals of Texas. Waco.

Sept. 15, 1932.

Rehearing-Denied Oct. 13, 1932.

Gene Madden and Tirey & Tirey, all of Waco, for plaintiff in error.

R. W. Cowan, of Waco, for defendant in error.

BARCUS, J.

Appellants instituted this suit against appellee to recover alleged damage which they claimed to have suffered in the exchange of properties. Appellants alleged that they traded a tract of land in Coryell county for some business property in Mart, that prior to and at the time the trade was consummated appellee represented that the Mart property was rented for $85 per month, and that the roof on said property had been repaired and was in good condition. They alleged that these representations were material and were false, and that they relied thereon in making said exchange of properties, that, if the property had been rented for $85 per month and if the roof on said building had been in good repair, the Mart property would have been worth $7,000, but that, since said facts were untrue, it was only worth $6,000, and that they had been damaged in the sum of $1,000 for which they sought judgment.

The cause was tried to a jury, and at the conclusion of the testimony the trial court instructed a verdict for appellee. The law is well settled that, if the testimony, viewed in its most favorable aspect, would have entitled appellants to recover, it was error for the trial court to peremptorily instruct the jury.

As stated, appellant alleged that appellee falsely represented to him at the time he consummated the trade and made the exchange of properties that he had repaired the roof on the Mart property and that same was in good condition, and he further alleged that but for said representations he would not have made said trade. He alleged that, if the roof on the property had been in good repair and had been as represented, the property would have been worth $7,000, but that in truth and in fact, by reason of the defec-

tive roof, it was only worth $6,000, and that he had been damaged in the sum of $1,000, for which he asked judgment. The testimony tended to raise said issues. Appellant testified to the representations as made and to their falsity in fact and further testified that he relied on said representations being true and would not have made the exchange of property if he had known that the roof was not in good repair. The witness Powell testified that, if the roof had been in good condition, the property would have been worth $6,000; that by reason of the defective condition of the roof it was only worth $5,000.

■ Appellant requested the court to permit him to amend his pleadings to conform to said proof, changing the pleadings from alleging that the property would have been worth $7,000 when in fact it was worth only $6,000, so that same would read that the property would have been worth $6,000, but in fact it was worth only $5,000, a difference in each instance of $1,000, for which amount appellant was suing. The trial court overruled said request. Appellant then requested the court to permit him to withdraw his announcement of ready for trial and to continue the cause. This the court also refused. Appellant assigns error to the action of the trial court in refusing to permit him to amend his pleadings and in refusing to permit him to withdraw his announcement of ready for trial and to continue the cause. Appellee did not contend that he was surprised at the proposed amendment to the pleadings, and no possible injury is suggested in the record that would have been caused appellee if the trial court had permitted said amendment to be filed. The effect of appellant's petition was that the property at Mart would have been worth $1,000 more if the roof had been in good repair as represented. Article 4004 of the Revised Statutes provides in effect that persons guilty of fraud in the exchange of real estate shall be liable to the person defrauded for all actual damages suffered, and that the rule of damages shall be the difference between the value of the property as represented and its actual value, and this is the measure of damage that our courts have, since the enactment of said statute, adopted. Sibley v. Southland Life Ins. Co. (Tex. Sup.) 36 S.W.(2d) 145; Reed v. Hester (Tex. Com. App.) 44 S.W.(2d) 1107.

Our courts have uniformly held that, since it is discretionary with the trial court whether it will allow pleadings to be amended, it is an abuse of discretion not to permit an amendment to be filed when the ends of justice so demand. Western Union Telegraph Co. v. Bowen, 84 Tex. 476, 19 S. W. 554, 555; Roland v. Employers' Casualty Co. (Tex. Civ. App.) 290 S. W. 895, 898, affirmed (Tex. Com. App.) 1 S.W.(2d) 568; Rivers v. Griffin (Tex. Civ. App.) 16 S.W.(2d) 874, 879; Ford v. Liner, 24 Tex. Civ. App. 353, 59 S. W. 943.

In Western Union Telegraph Co. v. Bowen, supra, the Supreme Court, speaking through Judge Gaines, said: "The trial judge has a large discretion in regard to the conduct of a trial, and it should always be exercised so as to obtain the ends of justice"—and in said case held that the trial court properly permitted the plaintiff to amend his pleadings showing the real telegram in question.

In Rivers v. Griffin, supra, the court, in holding that the trial court properly permitted plaintiff to amend his petition, stated: "It is provided by statute and rules of the court that the allowance of trial amendments are within the discretion of the trial court. The court is required, in the interest of justice, to grant leave to amend in proper cases, and it is error to arbitrarily refuse," citing a large number of authorities.

In Roland v. Employers' Casualty Co., supra, in reversing the judgment of the trial court because it refused to permit a trial amendment to be filed, the court said: "The filing of a trial amendment is largely within the trial court's discretion, but the court's refusal to file a trial amendment and withdraw an announcement of ready for trial was held to be error, where no injury could have resulted to defendant therefrom, in Ford v. Liner, 24 Tex. Civ. App. 353, 59 S. W. 943. In Caswell v. McCall & Sons [Tex. Civ. App.] 163 S. W. 1001, the Court * * * held that the trial court abused its discretion in not permitting defendant to amend his petition * * * to allege the facts constituting damages so as to render admissible evidence of damages, where the court had sustained the petition on demurrer."

■ Under the facts in this case, we think it was error for the trial court not to permit appellant to amend his pleading. As stated, it did not change the measure of damage. Appellant's real cause of action as alleged was that the property, regardless of its value, was worth $1,000 less in the condition it was delivered than it would have been if the roof thereon had been in the condition as represented. It therefore makes no difference whether the property would have been worth $6,000 or $7,000, the measure of damage remains the same.

For the error indicated, the judgment of the trial court is reversed, and the cause remanded.