## DE LA GARZA v. RYALS.

### No. 15238.

Court of Civil Appeals of Texas.
Fort Worth.

April 13, 1951.

Rehearing Denied May 11, 1951.

Jim Forest and McKool & McDaniel, all of Dallas, for appellant.

Coke & Coke, Rosser J. Coke, Jr., and Walter B. Branan, all of Dallas, for appellee.

CULVER, Justice.

This appeal lies from an order of the district court sustaining appellee's motion for summary judgment. Appellant E. de la Garza instituted this suit, alleging that in 1947 he and appellee H. T. Ryals associated themselves together as joint adventurers in nine separate construction jobs, agreeing to share equally the profits and losses. Appellant claims that the appellee is indebted to him in the sum of $7,000, representing the balance owing to him of his share of the profits realized from these joint undertakings, and prays for an accounting and judgment.

Appellee filed an answer raising numerous exceptions to the petition and denying any indebtedness to appellant, but on the contrary, alleged that appellant was indebted to him in the sum of $900.

Appellee also filed his motion for a summary judgment, alleging that there was no genuine issue of fact to be tried and that appellee was entitled to a summary judgment, that appellant take nothing and that appellee be granted judgment against appellant for the sum of $900. His affidavit was attached to this motion together with copy of an audit of the joint venture records of Ryals and de la Garza. Appellant de la Garza filed an opposing affidavit. At the hearing, appellee Ryals objected to a consideration of appellant's response or

856

opposing affidavit on the ground that same was insufficient. Appellant thereupon asked leave to amend his affidavit by including in such amendment only the allegations of plaintiff's first amended original petition, which was refused. The court then proceeded to grant the motion and enter summary judgment, finding "that the law and the facts, as shown by said motion for summary judgment, are in favor of defendant, H. T. Ryals * * * and that no genuine issue exists."

The first three points upon which appellant predicates his appeal are to the effect that the court erred in finding as a matter of law that there were no genuine issues of fact to be tried. His fourth point is that the court erred in granting a summary judgment for appellee on his cross action. Fifth, that the court erred in refusing appellant leave to file an amended answer to appellee's motion which would have included all of the allegations of plaintiff's first amended petition; and sixth, that appellee's motion for a summary judgment was insufficient as a matter of law.

All of appellee's counterpoints relate generally to the asserted insufficiency of appellant's affidavit in opposition to appellee's motion.

We will consider first the fifth point raised by appellant. The motion for a summary judgment was filed on September 18th, 1950, and a hearing was set for September 29th, giving ten days' notice as required by Rule 166-A. Appellant's response was filed on September 28th and on the 29th he procured a postponement of the hearing to October 13th. The objections of appellee directed to "the insufficiency and lack of content" of the answering affidavit of appellant were filed on the day of the hearing, October 13th. Prior to any ruling by the court on such objections, appellant asked leave to amend his answer and affidavit to include only the allegations of fact set up in his first amended petition in order to meet such objections and such request was denied. It seems to us that the court erred in overruling this request. No material delay would have resulted. Appellee could in no wise have been surprised or prejudiced and it is reasonable to presume that the appellant would have sworn to the matters of fact plead. The petition in fact was quite lengthy and went into much more detail than did the opposing affidavit. The petition, after all, under our rules of pleading is principally a recital of the facts which give rise to a cause of action. 166-A(e), Rules of Civil Procedure, provides: "The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits." Even on a formal trial and after announcement of ready, while the privilege of filing an amendment is within the discretion of the court, nevertheless under certain circumstances the refusal is considered an abuse of such discretion. Ford v. Liner, 24 Tex. Civ.App. 353, 59 S.W. 943; Greeley-Burnham Grocery Co. v. Carter, Tex.Civ.App., 30 S.W. 487; Caswell v. J. S. McCall & Sons, Tex.Civ.App., 163 S.W. 1001. We sustain appellant's fifth point.

This then brings us to the controlling question which is, was it established on the hearing that there is no genuine issue as to any material fact. The burden of proof would seem to be upon the movant in this proceeding, as said in Sarnoff v. Ciaglia, 3 Cir., 165 F.2d 167, 168, "All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment."

It would be of no benefit to review each of the nine separate transactions which plaintiff sets up in his petition and the separate denials made by the appellee. Believing as we do that material fact issues were disclosed, a discussion of one conflict will be sufficient.

One of the principal jobs which appellant claims was undertaken as a joint venture is that of the construction of a house at 6048 Park Lane, Dallas. Appellant alleges in his first amended petition, which he should have been permitted to verify: "That on or about the 18th day of September, A.D. 1947, plaintiff and defendant began the building of a residence at 6048 Park Lane, Dallas, Texas; plaintiff and defendant agreed to share the profit

and losses equally and plaintiff agreed to furnish an experienced labor crew and to supervise the construction of said project and said labor, make payroll details, secure necessary permits, use his employers social security number on said job and do some of the purchasing of the materials; the defendant agreed to draw up all necessary architectural plans, supervise architectural work and keep a true, correct and accurate set of records and books for said joint adventure except payroll details. That the joint adventurers were paid the sum of $23,000 for building said residence, all of which sums were deposited by defendant in his personal account and the total costs of the lot and building said residence was the sum of $15,400 and the joint adventure gain was the sum of $7,600, of which sum the plaintiff is entitled to one-half or the sum of $3,800; although the plaintiff has made numerous demands on the defendant for the defendant to pay plaintiff his share thereof, the defendant has failed and refused to account to the plaintiff therefor or to pay the plaintiff his share thereof. That the building of said residence was completed by the joint adventurers on or about the 2nd day of April, A.D. 1948." With reference to this transaction, in his answering affidavit, appellant avers: "This plaintiff would show the court that he and the defendant became joint adventurers in the following set out projects and earned the following set out profits. (d) On or about September 18, 1947, in the building of a residence at 6048 Park Lane, Dallas, Texas, wherein plaintiff and defendant as joint adventurers realized a gain and profit of $7,600." Appellee Ryals, in his first supplemental answer which is sworn to by him, asserts: "This Defendant shows lot at 6048 Park Lane was purchased by this Defendant out of his own funds received in sale of his own property on Lilac Lane, $12,800 received August 30, 1947, from Stewart Title Company, was an independent matter, as was subsequent sale to T. E. Schwantees and construction thereon. Plaintiff was only sub-contractor and did only brick work on the same basis, cost plus ten per cent (10%), as on the Lilac Lane property, and was fully paid therefor." It seems clear that a substantial issue of fact is here raised quite aside from any accounting feature. Appellee claims that appellant, on this job, was only a subcontractor doing the brick work and that he was paid on such contract while appellant claims that it was a joint venture, both agreeing to share all loss or profit realized on this undertaking. Where a summary judgment is sought, the court's function is solely to determine whether there is an issue of fact to be tried. Ramsouer v. Midland Valley R. Co., D.C., 44 F.Supp. 523.

Manifestly, no judgment can be rendered fixing the amount of money due to either party until it is determined whether or not the construction job at 6048 Park Lane was a joint venture. Therefore, believing that a genuine issue of fact is presented, the judgment of the trial court is reversed and remanded for trial on the merits.

### On Motion For Rehearing.

Appellee urges in his motion for rehearing that we erred, among other respects, in not affirming the judgment on the basis of the plea and proof of accord and satisfaction. The proof offered by appellee in this connection was to the effect that an accord was reached between the parties but that the appellant had failed to perform his promise of executing and paying a note of $500.

Where the debtor has breached a valid executory agreement of accord, the creditor has the election of suing either on the agreement of accord or the original obligation. Alexander v. Handley, Tex. Com.App., 146 S.W.2d 740. In this case it appears that the question of accord and satisfaction becomes immaterial for the reason that appellee did not assert any cause of action on the agreement of accord but prayed for and was granted a judgment for the full amount of the original indebtedness claimed by him.

We believe that all other questions raised in the motion for rehearing are sufficiently discussed in our original opinion. The motion is overruled.