James C. ONION et al., Appellants,

v.

SINTON SAVINGS ASSOCIATION, Appellee.

No. 7077.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 4, 1969.

R. L. House, San Antonio, for appellants.

Wm. G. Burnett, Sinton, for appellee.

STEPHENSON, Justice.

This is an action brought by James C. Onion, and the other members of the law firm of House, Mercer, House & Brock as assignees of R. K. Ellis, against defendant, Sinton Savings Association. The purpose of this suit is to recover money which plaintiffs allege R. K. Ellis deposited with defendant. Defendant's motion for summary judgment was granted by the trial court. The parties will be referred to here as they were in the trial court.

Plaintiffs' points of error are, in substance, that there were genuine fact issues raised as to whether the money sought to be recovered was a "deposit" by R. K. Ellis, and as to whether such deposit was made under duress. In considering these points of error, we are controlled by the law as stated by the Supreme Court in Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952), as follows:

> "The duty of the court hearing the motion for summary judgment is to determine if there are any issues of fact to be tried, and not to weigh the evidence or determine its credibility, and thus try the case on the affidavits. * * * [Citations omitted.] * * * As said in the case of Kaufman v. Blackman, Tex.Civ. App., 239 S.W.2d 422, 428, writ refused, N.R.E., 'The underlying purpose of Rule 166–A was elimination of patently unmeritorious claims or untenable defenses; not being intended to deprive litigants of their right to a full hearing on the merits of any real issue of fact.' The burden of proving that there is no genuine issue of any material fact is upon the movant, and 'All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment.' De La Garza v. Ryals, Tex.Civ.App.1951, 239 S.W.2d 854 (4), 856, writ ref. N.R.E.; * * *."

Defendant's motion for summary judgment contained the following allegations only:

> "1. This defendant moves for a summary judgment in its favor as to all of the claim asserted against it by plaintiffs in the above styled and numbered cause.
>
> "2. This motion is made without supporting affidavits, same being unnecessary to the adjudication of this motion.
>
> "3. The pleadings and admissions on file, show that there is no genuine issue as to any material fact and that this defendant is entitled to the judgment sought herein as a matter of law."

The trial court had before it in considering defendant's motion for summary judgment an interrogatory under Rule 168 asked by plaintiff of defendant, reading as follows:

> "2. Did R. K. ELLIS on or about February 14, 1964, deposit $44,450.00 (Forty-four thousand four hundred fifty and no/100 Dollars) with the SINTON SAVINGS ASSOCIATION? If the date is not correct, please recite the date that he did deposit with the SINTON SAVINGS ASSOCIATION the sum in excess of $40,000.00."

Defendant answered such request: "Yes."

Defendant served requests for admission upon plaintiff. Request No. 1 read as follows:

> "1. Isn't it a fact that on or about February 14, 1964, R. K. Ellis transferred possession of $44,450.00 in money to defendant?"

Plaintiff answered:

> "1. *Denied.* The money was transferred for the purpose of temporary deposit."

Plaintiff filed a supplemental petition alleging, in substance, that Ellis made this deposit with defendant because of unlawful duress and threats. Attached to this supplemental petition was an affidavit made by Ellis containing the following:

"2. That on or about the month of February, 1964, I met with an attorney, Ralph Freedson, who represented the controlling owners of the Sinton Savings Association and also with Mr. Garrett and Mr. Morris, who at that time owned a controlling interest in the said Sinton Savings Association, and they told me that the Deputy Savings and Loan Commissioner of the State of Texas was demanding that an additional reserve of $200,000.00 be put up, and if I did not put same up, they would have me indicted. They accused me of making misrepresentations, and I demonstrated to them that I had revealed exactly what the situation was with the Sinton Savings Association, that what I had told them and given was correct information. However, they continued to threaten to have me indicted. When I convinced them that I did not have $200,000.00, they finally agreed that if I would put up $44,450.00, they would not cause me to be indicted. I told them that I would not pledge it, but as a matter of good faith, I would deposit it, and I did so. I never at any time made any misrepresentations or withheld any information that was material but always dealt open and squarely with all of the parties involved, and there was no reason for me to be indicted."

Defendant strenuously contends that in reply to defendant's request for admissions, plaintiff admitted an exhibit attached to such request was genuine and the statements made in such exhibit were true and correct, and that defendant was entitled to the summary judgment granted by the trial court because of such admissions, as a matter of law. The exhibit attached reads as follows:

"THE STATE OF TEXAS
COUNTY OF HARRIS

"BEFORE me, the undersigned Notary Public in and for the County of Harris, State of Texas, on this day personally appeared R. K. Ellis known to me to be a credible person and not incapacitated in any way, who, after being by me, first, duly sworn, on his oath declared and said:

"I, R. K. Ellis have this date deposited with the Sinton Savings Association's Reserve Fund, the amount of $44,450.00. Said amount to represent the first of two equal payments to bring the reserve fund up to an amount satisfactory to the reserve requirements prescribed by the Savings and Loan Commissioner of the State of Texas. I, R. K. Ellis do hereby affirm that I am now attempting to remove from the Sinton Savings Association the grouping of loans entitled Alamo Investment Corporation whose current balance is $238,812.90. I affirm that I will attempt to consummate said removal by no later than 5 o'clock P. M. on February 21, 1964. At the time of removal of said loans, the reserve requirement would be reduced by one hundred thousand dollars which should be on deposit at Sinton Savings Association at that time.

"Further Affiant sayeth not.
    "/s/ R. K. Ellis
         R. K. Ellis
"Sworn to and subscribed before me, the undersigned Notary Public on this the 14th day of February, 1964.
    "/s/ Ralph Freedson
         Notary Public, Harris
         County Texas          "

Plaintiffs' points of error are sustained. As stated by the Supreme Court in the Gulbenkian Case, supra, the trial court was not at liberty to try this case by weighing the evidence and determining the credibility of the affiants. The pleadings, admissions, and affidavits before the court raised genuine issues of fact, both as to whether this money was a "deposit" and as to whether it was made under duress, and plaintiffs are entitled to a full hearing on the merits.

Reversed and remanded.